## 46877. MACK v. STATE OF GEORGIA.

JORDAN, Presiding Judge. This is an appeal in behalf of a 14-year-old boy adjudged in juvenile court proceedings to be a delinquent child in need of treatment and rehabilitation, in that on or about September 24, 1971, he committed the delinquent acts of armed robbery and murder. He was committed to the Division of Children and Youth. *Held:*

1. In our opinion the juvenile court judge properly allowed a detective to testify with respect to extrajudicial state-

ments made to him by the child, and the statements were not inadmissible as having been obtained in violation of the Juvenile Court Code or any constitutional rights.

The detective went to the child's home with an arrest warrant, and upon ascertaining that the suspect was a juvenile, informed him and his mother in the privacy of their home of his right to remain silent, the effect of any statements, the right to have a lawyer present, and the right to have a lawyer provided, if they could not afford one. Apparently understanding this advice the mother told the child to tell the truth, and the child admitted his presence at the scene of the robbery and murder and that he had accepted and spent $50 of the proceeds of the robbery.

In re Gault, 387 U. S. 1 (87 SC 1428, 18 LEd 527) discloses (p. 56) that "[t]he 'confession' of Gerald Gault was first obtained by Officer Flagg, out of the presence of Gerald's parents, without counsel and without advising him of his right to silence, as far as appears." The facts of this case clearly distinguish it from Gault and *Daniels v. State,* 226 Ga. 269, 273 (174 SE2d 422), and *Freeman v. Wilcox,* 119 Ga. App. 325, 329 (167 SE2d 163).

2. This court will not interfere with the discretion of the trial judge in refusing to grant a continuance on a motion based generally on two grounds, inadequate time for counsel to prepare for trial, and the inability to use a witness present at the scene of the robbery and murder, who was accused of participating. See, in general, the requirements of *Code* §§ 81-1419 and 27-2002. The witness which counsel insisted might testify to exonerate the child here accused was physically present at the trial and available to testify, but counsel for the child here accused did not call him, indicating that if he were called at that time his counsel might advise him to remain silent. Insofar as the transcript discloses, what, if anything, the witness would ever say, even in the event of a continuance, is a matter of mere speculation.

3. The controlling issue was the intent of the child. That an armed robbery and murder took place, that he was present, and that he thereafter accepted $50 of the proceeds are undisputed. Intent being a state of mind, however, it cannot be proved directly except by the person himself, and the State necessarily had to rely on the circumstances. These circumstances, as disclosed by the state of the evidence when the trial judge overruled a motion to dismiss, would support a determination that the child was acting as a lookout. Thereafter, his claimed innocence, as a witness in his behalf, could be weighed against his own explanation of his conduct. When he voluntarily accepted an invitation to go along on an automobile ride he admittedly knew that the leader of the group had promised the driver $75 if he would drive him a short distance to get some money, and he also admittedly knew that the leader did not then have the money. He voluntarily remained in the vehicle with the lights out and the motor running while the crimes took place. And finally, he voluntarily accepted $50 of the proceeds. Under all of the evidence the trial judge was authorized to determine that the juvenile was a participant.

4. Having committed the child to the Division of Children and Youth, which under § 24A-2701 (b) of the Juvenile Court Code was self-executing in placing control over the child to the division for two years, or until the child was sooner discharged, or as provided for an extension of the two-year period on motion of the division, it was beyond the power of the trial judge to make further provision at that time in effect retaining jurisdiction over the child to prevent the mother from gaining physical custody of the child except "subject to further order of the court" or to require that the child upon release "shall be returned to the Child Treatment Center and the physical custody of this court pursuant to § 24A-2901." That this result is intended is clearly borne out by the limitations placed on the Juvenile Court appearing in §§ 24A-2701 (d) and 24A-2801 (b). Except as provided in § 24A-2701 (b) to

extend the commitment for an additional two years the trial judge can neither terminate nor extend the disposition, and after the division has physical custody under the order he is also prevented from changing, modifying, or vacating the order on the ground that changed circumstances so require in the best interests of the child. Accordingly, we think that so much of the order as provides that the child automatically reverts to the physical custody of the Juvenile Court upon discharge by the Division of Children and Youth, and prevents release to the mother subject to further order of the court should be deleted, and it is so ordered. Nothing herein said, however, is intended to prevent the court from acting with respect to the child under properly initiated procedures as provided in the Juvenile Court Code at such time as he may be released by the Division of Children and Youth. No other error appearing, the judgment is

*Affirmed with direction. Deen and Clark, JJ., concur.*
ARGUED FEBRUARY 7, 1972—DECIDED MARCH 3, 1972.

*A. Glen Steedley, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, James H. Mobley, Jr.,* for appellee.