53573. In the Interest of: R. D.

MARSHALL, Judge.

The Juvenile Court of Fulton County, having found the juvenile whose interest is here under consideration to be a delinquent child, ordered that his probation be revoked, that he be committed to the Georgia Department of Human Resources, "Division of Family and Children Services" (Division *for* Children and Youth[1]), *and that he not be released into a community-based program.* The appeal of the Department of Human Resources from this order raises the issue of whether a juvenile court has authority, in an order committing a delinquent child or youth to the Division for Children and Youth, to further mandate conditions with which the division is to comply as to the care and treatment of the delinquent juvenile. *Held:*

In *Mack v. State of Ga.,* 125 Ga. App. 639 (4) (188 SE2d 828) (1972), this court held that, the juvenile court judge having adjudicated the juvenile to be delinquent and committed him to the Division for Children and Youth, it was beyond the power of the judge at the same time to make further provision in the order dictating the disposition of the juvenile delinquent subsequent to his committal to the division.

This is consistent with the entire statutory framework of the Children and Youth Act (Code Ann. Ch. 99-2; Ga. L. 1963, p. 81 et seq.) and the Juvenile Court Code of Georgia (Code Ann. Title 24A; Ga. L. 1971, p. 709 et seq.). These statutes, when construed in pari materia, evidence a legislative intent that — once the juvenile court judge in his discretion commits a juvenile to the division — custody and control of the juvenile is thereby and thereafter exclusively in the division, which is charged with responsibility to diagnose each juvenile and

---

[1] Code Ann. §§ 99-203 (b) (Ga. L. 1963, pp. 81, 83), 99-204 (a) (Ga. L. 1963, pp. 81, 86), erroneously referred to in the subsequent Juvenile Court Code of Georgia (Code Ann. Title 24A) and in some cases as "Division *of* Children and Youth."

to determine, implement, and periodically revise as needed an individualized plan of care and treatment for each one. See, e.g., Code Ann. § 99-212 (c) (Ga. L. 1963, pp. 81, 104); § 99-213 (Ga. L. 1963, pp. 81, 105); § 24A-2701 (Ga. L. 1971, pp. 709, 738; 1974, pp. 1126, 1131); and § 24A-2801 (b) (Ga. L. 1971, pp. 709, 739). A contrary result is not demanded by the provisions of Code Ann. § 99-222 (Ga. L. 1969, pp. 996, 997), which apply to commitments made by superior court judges. *Carrindine v. Ricketts,* 236 Ga. 283, 289 (223 SE2d 627) (1976).

The division is authorized to effectuate the purpose of the juvenile court order here complained of by prescribing confinement, pursuant to the provisions of Code Ann. § 99-213 (d) (2) and (3). If the juvenile court judge wishes to ensure confinement of the juvenile delinquent, this can be done by "[p]lacing the child in an institution, camp, or other facility for delinquent children operated under the direction of the court or other local authority," under the provisions of Code Ann. § 24A-2302 (c) (Ga. L. 1971, pp. 709, 735; 1973, pp. 579, 580) (if he finds the juvenile to be amenable to treatment or rehabilitation), rather than committing the juvenile to the division, under subsection (d) of § 24A-2302, or by transferring the offense for prosecution to the appropriate court having jurisdiction of the offense, under the provisions of Code Ann. § 24A-2501 (Ga. L. 1971, pp. 709, 736; 1973, pp. 882, 887) (if he is determined to be not amenable to treatment or rehabilitation).

Accordingly, we hold that that portion of the juvenile court's order which purports to prohibit the division from releasing the juvenile delinquent into a community-based program, is merely exhortatory, and not binding on the division. Since the court was not authorized to make such a binding order, the order appealed from is affirmed with direction that the objectionable provision therein be either deleted or changed to the form of a mere recommendation to the division.

*Judgment affirmed with direction. Deen, P. J., and Webb, J., concur.*

ARGUED MARCH 2, 1977 — DECIDED APRIL 5, 1977.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Chief Deputy Attorney General, Don A. Langham, Deputy Attorney General, Michael J. Bowers, Senior Assistant Attorney General, Carol Atha Cosgrove, Staff Assistant Attorney General,* for appellant.

*Gary Walker, Lewis R. Slaton. District Attorney, R. David Petersen, George Geiger, Joseph J. Drolet, Assistant District Attorneys,* for appellee.