53870. In the Interest of: C. A. G.

Marshall, Judge.
That portion of the juvenile court's order (following the finding that the juvenile is a delinquent child and the order committing him to the Georgia Department of Human Resources, "Division of Youth Services" (Division *for* Children & Youth[1] )) which provides, "It appearing that the child has a drug problem which has not been specifically treated, it is further ordered that the Georgia Department of Human Resources, Division of Youth Services [sic] shall provide an extensive drug treatment program for this child as a part of its rehabilitative services while said child is under commitment to said Department" — is merely exhortatory, and not binding on

_____

[1] *In the Interest of: R. D.,* 141 Ga. App. 843 (fn. 1).

the Division for Children & Youth. *In the Interest of: R. D.,* 141 Ga. App. 843.

While we are sympathetic to the commendable desire of the juvenile court to ensure that the division would provide treatment for an alleged drug problem which the court thought and found had not been specifically treated while the juvenile was in the previous custody of the department and the division, nevertheless, as we have held in *In the Interest of: R. D.,* supra, the only statutory means for the court to retain control over the disposition of the juvenile delinquent was as provided by Code Ann. § 24A-2302 (b) or (c) (Ga. L. 1971, pp. 709, 735; 1973, pp. 579, 580).

Accordingly, the order appealed from is affirmed with direction that the objectionable provision therein be either deleted or changed to the form of a mere recommendation to the division.

*Judgment affirmed with direction. Deen, P. J., and Webb, J., concur.*

SUBMITTED MAY 4, 1977 — DECIDED MAY 31, 1977.

*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellant.

*James R. Jester, Lewis R. Slaton, District Attorney, George Geiger, R. David Petersen, Assistant District Attorneys,* for appellee.