## 63305. DEPARTMENT OF HUMAN RESOURCES v. J. R. S.

QUILLIAN, Chief Judge.
This case arose upon the filing of a petition in the juvenile court of Appling County alleging that J.R.S., a juvenile, had violated Code Ann. § 68A-903 (Ga. L. 1974, pp. 633, 674; 1976, p. 977, eff. July 1, 1976) by causing the death of another person while driving under the influence of alcohol. After a hearing, a trial court found that J.R.S. had committed the delinquent act charged and ordered that he be committed to the Department of Human Resources for care, supervision and planning. In the commitment order, the juvenile

court recommended that J.R.S. be classified as a serious offender and spend not less than one year in a youth development center. J.R.S. was thereafter assigned by the department to the Youth Development Center, Milledgeville, Ga.

Subsequently, there was filed in the Juvenile Court of Appling County, on behalf of J.R.S., a motion to set aside the trial court's commitment order, such motion alleging that "through accident and mistake" the order was executed improperly in classifying J.R.S., as a serious offender. After a hearing on the motion, the trial court issued an order which set out as follows: "The Court does not uphold the motion that said youth was classified as a serious offender through error of the Court and/or the State of Georgia; but, after finding that there is sufficient evidence to satisfy this Court that J...R...S... has made a satisfactory adjustment while confined to the Youth Development Center in Milledgeville, Georgia . . ." Based on this finding the trial judge released J.R.S. from custody. Appeal from this order followed. *Held:*

Code Ann. § 24A-2801 (a) (1) (Ga. L. 1971, pp. 709, 739) provides "An order of the court shall be set aside if:. . . it appears that it was obtained by fraud or mistake sufficient therefor in a civil action." See *Rossi v. Price,* 237 Ga. 651 (229 SE2d 429). Hence, the trial judge was authorized to set aside the former commitment order based on the grounds urged in the motion. However, he did not do so but expressly found that the trial order was not issued "through error." Instead, ·J.R.S. was released on the basis that he had made a "satisfactory adjustment."

The Juvenile Court Code of Georgia, as construed by our courts, does not permit the setting aside of a judgment on the grounds recited in the trial court's order. Under Code Ann. § 24A-2302 (Ga. L. 1971, pp. 709, 735; Ga. L. 1973, pp. 579, 580) the trial judge has several options with regard to the disposition of juvenile offenders including the one contained in Code Ann. § 24A-2302 (d) (Ga. L. 1971, pp. 709, 735; Ga. L. 1973, pp. 579, 580): "Committing the child to the Division of Children and Youth." But once the court has exercised such option, it has only the power to extend an order committing a delinquent child to the division for two additional years. See Code Ann. § 24A-2701 (b) (Ga. L. 1971, pp. 709, 738; Ga. L. 1974, pp. 1126, 1131). This court in *Mack v. State,* 125 Ga. App. 639, 641 (188 SE2d 828) set forth the applicable principle: "Except as provided in § 24A-2701 (b) to extend the commitment for an additional two years the trial judge can neither terminate nor extend the disposition, and after the division has physical custody under the order he is also prevented from changing, modifying, or vacating the order on the ground that changed circumstances so require in the best interests of

the child." Accord, *In re: A. S.,* 140 Ga. App. 865 (232 SE2d 145); *In the Interest of: R. D.,* 141 Ga. App. 843 (234 SE2d 680); *In the Interest of: C.A.G.,* 142 Ga. App. 480 (236 SE2d 171). Having found no ground for modification or vacation of the order under Code Ann. § 24A-2801, the trial judge was without authority to set aside the order based on the finding that J.R.S. had made a "satisfactory adjustment." The order releasing the child was, therefore, error.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 12, 1982.

Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Jim 0. Llewellyn, Assistant Attorney General, Mark H. Cohen, for appellant.
Emmett P. Johnson, for appellee.