171 Ga. App. 940 (1984)
321 S.E.2d 435
IN RE R. L. M.
68456.
Court of Appeals of Georgia.
Decided September 5, 1984.
Michael S. Bennett, for appellants.
Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, David C. Will, Assistant Attorney General, amicus curiae.
QUILLIAN, Presiding Judge.
Appellants Robert and Essie Miller, filed a petition in the Juvenile Court of Lowndes County in the interest of their grandchild, R. L. M. The petition alleged that R. L. M. had been born to their daughter on July 20, 1981, out of wedlock and the identity of the father was unknown. Further, their daughter was not able to care for the child, was then in the Lowndes County jail, and it would be in the best interest of the child to be placed with the grandparents. In the *941 alternative, petitioners requested custody of R. L. M. be placed in the Department of Family and children Services.
A hearing was held, which was not reported, and the trial court ordered that temporary custody of R. L. M. be awarded to the Georgia Department of Human Resources by placing the child with the Lowndes County Department of Family and Children Services "and that said child be placed in Foster Care." We granted the Miller's Discretionary Appeal to examine two issues: (1). Whether it was error for the court to fail to have the hearing transcribed? (2). Did the court exceed its authority by ordering that the minor child be placed in "Foster Care"? Held:
1. OCGA § 15-11-28 (b) provides that all hearings conducted by the juvenile court "[u]nless waived by the juvenile and his parent guardian, or attorney, the proceedings shall be recorded by stenographic notes or by electronic, mechanical, or other appropriate means." The Clerk's certificate shows that the hearing was not recorded. Counsel alleges appellants did not waive their right to a transcript and this is not disputed by the record or the appellee. This court faced the same issue in K. E. S. v. State of Ga., 134 Ga. App. 843, 850 (216 SE2d 670), and we held: "This court should not disregard the crystal clear intent of the legislature as expressed in the statute, requiring a stenographic record of the proceedings, or a record by other appropriate means, the absence of which was both error and harmful to the rights of the accused." The case involving K. E. S. was a probation revocation hearing of a juvenile and we see no logical distinction in its applicability to a custody hearing of a minor child. Not only does the failure of the court to follow the requirement of the statute frustrate the need of one of the parties to support its allegation of error at a hearing but it precludes an informed appellate review of allegations of error committed during the hearing. We cannot take a factual recitation of the evidence from the brief. Meade v. Heimanson, 239 Ga. 177, 180 (236 SE2d 357); Holzmeister v. State, 156 Ga. App. 94 (1) (274 SE2d 109). Reversal is required.
2. Following the hearing the court issued an order which placed temporary custody of the minor child in the local Department of Family and Children Services with the direction that the child be placed in "foster care." Appellants contend that the portion of the order which requires placement of the child in "foster care" exceeds the authority of the court. We agree.
The County Department of Family and Children Services is charged with "the care and treatment of dependent, neglected, delinquent, and handicapped children . . ." OCGA § 49-3-6. In this instance the juvenile court found R. L. M. to be a deprived child and placed legal custody with the Department of Family and Children Services. "Legal Custody" is defined by statute as embodying certain *942 rights in the Department, among which is "[t]he right to determine where and with whom he shall live." OCGA § 49-5-3 (12) (D). Thus, once the juvenile court has awarded custody of the child to the Department, the Department has the authority "to determine where and with whom he shall live."
This court addressed similar issues in In the Interest of R. D., 141 Ga. App. 843 (234 SE2d 680) and In the Interest of C. A. G., 142 Ga. App. 480 (236 SE2d 171), wherein the juvenile court considered disposition of juveniles and committed them to the custody of the Division for Children and Youth. In In the Interest of R. D., supra, the court provided for custody in the order and added that the juvenile "not be released into a community-based program." In In the Interest of C. A. G., supra, the court directed that the Department provide "an extensive drug treatment program . . ." In both cases this Court held that the juvenile court exceeded its authority, for "once the juvenile court judge in his discretion commits a juvenile to the division  custody and control of the juvenile is thereby and thereafter exclusively in the division, which is charged with responsibility to diagnose each juvenile and to determine, implement and periodically revise as needed an individualized plan of care and treatment for each one." 141 Ga. App. at 843-844. The same treatment is applicable here. The juvenile court makes the initial determination of whether the minor child is deprived, and if so, whether custody is given to the Department of Family and Children Services. Thereafter, the statute places authority in the department as to ultimate disposition of the child. Here, as in the cases cited above, we find that portion of the order purporting to control disposition after custody was placed in the Department to be "merely exhortatory, and not binding on the division." 141 Ga. App. at 844.
Judgment reversed. Birdsong and Carley, JJ., concur.