A95A1958. IN THE INTEREST OF B. D. T., a child.
(466 SE2d 680)

POPE, Presiding Judge.

B. D. T., a juvenile, committed a burglary in Fulton County and an armed robbery in Bartow County. He was sentenced as a designated felon under OCGA § 15-11-37, and was committed to the custody of the Georgia Department of Children & Youth Services ("DCYS") for a period of detention and treatment of not less than 12 months. Five months after sentencing, however, the DCYS still had not retrieved B. D. T. from the Fulton County Detention Center, where he was being detained without treatment, despite Fulton County's request that the DCYS do so. Concerned that the DCYS was unable to provide adequate treatment and that further confinement without treatment would not provide any meaningful benefit for B. D. T., the juvenile court judge modified his original judgment, staying B. D. T.'s restrictive custody and releasing him to the custody of his father. The State's motion for reconsideration of this modification was denied, and the juvenile court subsequently set aside its original designated felony sentencing. We granted the State's application for interlocutory appeal to consider the juvenile court's authority to modify and set aside its original sentencing order, and now affirm.

"An order of the [juvenile] court may be changed, modified, or vacated on the ground that changed circumstances so require in the best interest of the child, *except an order committing a delinquent child to the [DCYS], after the child has been transferred to the physical custody of the [DCYS].*" (Emphasis supplied.) OCGA § 15-11-42 (b). In this case, the order of the juvenile court which was modified and subsequently vacated was an order committing a delinquent child to the DCYS. Accordingly, the court's authority to modify and

set aside the earlier order turned on the question of whether the child had been transferred to the physical custody of the DCYS.[1] See also *Dept. of Human Resources v. J. R. S.*, 161 Ga. App. 262, 263-264 (287 SE2d 713) (1982) (once a court issues a commitment order and the State takes physical custody, the court cannot set aside the commitment order on the basis that the juvenile has made a satisfactory adjustment while in custody).

The words "physical custody" have a plain meaning, and the obvious answer to the question posed above is that the DCYS never took physical custody of B. D. T.; he was in the physical custody of the Fulton County Detention Center until his release. Nonetheless, the State suggests that the answer is not so obvious or simple. Once a juvenile is sentenced as a designated felon, he is supposed to be placed in a youth development campus ("YDC") run by the DCYS. Because there are not enough YDCs to meet the demand, however, the juvenile is held in a detention center until a position in a YDC opens up for him. In most regions of the state, sentenced juveniles are detained in detention centers which are actually run by the DCYS, so physical custody is transferred to the DCYS immediately after sentencing. But in Fulton County, sentenced juveniles are instead detained in the Fulton County Detention Center, with the State reimbursing the county for housing the juveniles pursuant to a contract.

The State argues that the DCYS should be deemed to have had physical custody of B. D. T. because it was paying the Fulton County Detention Center to house and care for him. This argument proves too much, however, as the State pays Fulton County for *all* juveniles in detention, regardless of whether they have been committed to the custody of the DCYS. In any case, the State's payment for care and housing does not equate to physical custody any more than a father's child support payment does. The DCYS therefore never took physical custody of B. D. T., and the juvenile court had authority to modify its earlier order under OCGA § 15-11-42 (b).

As the State correctly points out, a court cannot commit a child to the custody of the DCYS but at the same time provide conditions which control or limit the DCYS's discretion in dealing with the child. See *In the Interest of R. D.*, 141 Ga. App. 843 (234 SE2d 680) (1977); *Mack v. State*, 125 Ga. App. 639 (4) (188 SE2d 828) (1972). But that is not what happened here. Instead, the court's original order gave the DCYS complete custody and control. It was only when the DCYS was unable to exercise its control and take physical custody, despite the request of Fulton County that it do so, that the court modified its

---

[1] The juvenile court's finding that changed circumstances made the modification and subsequent setting aside of the original order in the best interest of the child is not enumerated as error.

decision regarding commitment; and the court did not exceed its authority in taking this action.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED JANUARY 9, 1996.

*Lewis R. Slaton, District Attorney, Sally A. G. Butler, Carl P. Greenberg, Assistant District Attorneys,* for appellant.
*George M. Johnson,* for appellee.