A05A1897, A05A1898. IN THE INTEREST OF S. S., a child
(two cases).
(624 SE2d 251)

JOHNSON, Presiding Judge.

On February 24, 2004, 16-year-old S. S. was adjudicated delinquent for the offense of aggravated child molestation. On March 11, 2004, the juvenile court entered an order committing S. S. as a designated felon to the Department of Juvenile Justice, but the order did not contain findings of fact as required by OCGA § 15-11-63 (c). Consequently, on May 3, 2004, the court entered a dispositional order which included the findings of fact supporting the determination of restrictive custody. The dispositional order further provided that S. S. be placed in the Department's custody for five years, that he be placed in a Youth Detention Center (YDC) for a period of not less than twelve months and no more than sixty months, and that he not be released from a YDC or transferred to a nonsecure facility unless by a court order.

Pursuant to that dispositional order, the Department placed S. S. in confinement for one year, after which the Department, without a court order, released him on intensive supervision. Upon learning of S. S.'s release, the juvenile court filed an amended dispositional order on April 4, 2005, nunc pro tunc to February 24, 2004, directing that S. S. be confined in a YDC for 60 months, followed by 12 months of intensive supervision.

The Department moved to set aside that order, but the juvenile court dismissed the motion and ordered that S. S. be placed back in confinement. The Department and S. S. have filed separate appeals, which we consider together because they arise from the same ruling and raise the same issues.[1]

---

[1] The Department appeals in Case No. A05A1897, and S. S. appeals in Case No. A05A1898.

The Department and S. S. contend that the juvenile court had no authority to amend its dispositional order once the Department had assumed physical custody of the child. We agree.

An order of the juvenile court may be changed, modified, or vacated on the ground that changed circumstances so require in the best interest of the child, except an order committing a delinquent child to the Department may not be changed, modified or vacated after the child has been transferred to the physical custody of the Department.[2] In the instant case, it is undisputed that after the juvenile court adjudicated S. S. delinquent and committed him to the Department, he was placed in the physical custody of the Department, which confined him for a year. Since the Department had already taken physical custody of S. S., the juvenile court could not subsequently modify the original dispositional order of May 2004.[3]

The state does not claim otherwise, and instead argues that the juvenile court's amended order of April 2005 did not materially change the original dispositional order of May 2004. According to the state, at the adjudicatory hearing the judge stated her intent that S. S. be confined for five years, and the amended order simply reiterates that intent. The state's position is without merit.

A judge's oral pronouncement is not a judgment until it is put in writing and entered as the judgment.[4] While a judge's oral statements on the record may provide insight into the intent of her subsequent written judgment, any discrepancies between the two must be resolved in favor of the written judgment.[5] Here, even if we assume that the judge's oral statements at the adjudicatory hearing did express her intent that S. S. be confined for a full 60 months, such oral statements are in conflict with the original written dispositional order. That order does not mandate that S. S. be confined for the entire 60 months, and instead plainly provides that S. S. "shall be placed in a Youth Detention Center for a period of not less than 12 months and no more than 60 months." Thus, the discrepancy between any oral pronouncements by the judge and her written order must be resolved in favor of the written order, which clearly sets forth a range of 12 to 60 months for confinement in a YDC.

In the amended dispositional order of April 2005, the juvenile court materially changed this confinement range established in the original dispositional order by directing that S. S. be confined for the entire 60 months. As recited above, the court had no authority to

---

[2] OCGA § 15-11-40 (b); *In the Interest of B. D. T.*, 219 Ga. App. 804 (466 SE2d 680) (1996).
[3] See *Dept. of Human Resources v. J. R. S.*, 161 Ga. App. 262, 263-264 (287 SE2d 713) (1982).
[4] *In the Interest of L. H.*, 242 Ga. App. 659, 660 (2) (530 SE2d 753) (2000).
[5] Id.

make such a change to its original order because S. S. had already been placed in the Department's physical custody.[6] While it appears that the Department may have violated the original dispositional order by releasing S. S. from confinement without a court order authorizing the release, the juvenile court could have dealt with such a violation in some manner short of substantively amending the original dispositional order. Since the juvenile court had no authority to modify the original dispositional order, its amended dispositional order must be set aside.

*Judgments reversed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED DECEMBER 5, 2005.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Michelle Townes, Assistant Attorney General,* for appellant (case no. A05A1897).

*Mark T. Phillips,* for appellant (case no. A05A1898).

*Cecilia M. Cooper, District Attorney, David E. Perry, Assistant District Attorney,* for appellee (case nos. A05A1897 and A05A1898).

*Reese H. Davis,* for appellee (case no. A05A1897).