667 S.E.2d 161 (2008)
In the Interest of J.W., a child.
No. A08A1867.
Court of Appeals of Georgia.
August 22, 2008.
Karyn E. Harvey, Decatur, for appellant.
Gwendolyn Keyes Fleming, District Attorney, Stephen J. Pearsall, Assistant District Attorney, for appellee.
*162 BLACKBURN, Presiding Judge.
J.W., a minor, appeals the denial of his motion for early release from a youth development center, arguing that the juvenile court erred in ruling that it was prohibited by statute and controlling case authority from modifying its original order of commitment. For the reasons set forth below, we affirm.
The record shows that on June 30, 2006, J.W. was adjudicated delinquent after admitting to the designated felony of aggravated assault with a deadly weapon. See OCGA § 15-11-63(a)(2)(B)(ii). He was initially placed on probation, but on August 21, 2006, his probation was revoked. On September 1, 2006, the juvenile court issued an order committing J.W. to the custody of the Department of Juvenile Justice (the "Department") for five years and confining him to the restrictive custody of a youth development center for two of those years. See OCGA § 15-11-63(c). On October 3, 2007, after more than one year in restrictive custody, J.W. filed a motion for early release from the youth development center, arguing that early release was in his and the State's best interests. The juvenile court held a hearing on J.W.'s motion for early release in November 2007, and on January 18, 2008, the court issued an order denying that motion on the ground that OCGA § 15-11-40(b) and controlling precedent prohibited the court from modifying its original order of commitment. This appeal followed.
J.W. contends that the juvenile court erred in ruling that OCGA § 15-11-40(b) prohibited it from granting his motion for early release. Specifically, J.W. argues that the juvenile court's interpretation of OCGA § 15-11-40(b) rendered OCGA § 15-11-63(e)(1)(D) and (2)(C) purposeless. We disagree.
If a juvenile court orders restrictive custody, "[t]he child shall be placed in the custody of the Department of Juvenile Justice for an initial period of five years" and "shall initially be confined in a youth development center for a period set by order, to be not less than 12 nor more than 60 months." OCGA § 15-11-63(e)(1)(A), (B). Under OCGA § 15-11-63(e)(1)(D), the child may not be released from a youth development center or transferred to a less restrictive facility during this period, "unless by court order." OCGA § 15-11-63(e)(2)(C) provides: "The child shall not be discharged from the custody of the Department of Juvenile Justice unless a motion therefor is granted by the court, which motion shall not be made prior to the expiration of one year of custody." Additionally, OCGA § 15-11-40(b) sets forth the grounds for modifying or vacating a juvenile court's order, providing:
An order of the court may also be changed, modified, or vacated on the ground that changed circumstances so require in the best interest of the child, except an order committing a delinquent child to the Department of Juvenile Justice, after the child has been transferred to the physical custody of the Department of Juvenile Justice. ...
(Emphasis supplied.) Under this statute, an order committing a delinquent child to the custody of the Department for a designated felony act cannot be modified to change the terms of confinement once the Department has taken physical custody of the child. See In the Interest of S.S.[1]
"Well-established principles of statutory construction require that the literal meaning of the words of a statute must be followed unless the result is an absurdity, contradiction, or such an inconvenience that it is clear that the legislature must have intended something else." Effingham County Bd. of Tax Assessors v. Samwilka, Inc.[2] Furthermore, statutes relating to the same subject matter "are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto." Johnson v. Ford Motor Co.[3] *163 Applying these principles, we have previously concluded "that OCGA §§ 15-11-40(b) and 15-11-63(e) may be harmonized using the plain language of both statutes." In the Interest of J.V.[4] In that case, which involved facts nearly identical to those at issue here, we held that
OCGA § 15-11-40(b) prohibits the change, modification, or vacation of a commitment order once a child is in the custody of the Department "on the ground that changed circumstances so require in the best interest of the child." But it does not prohibit the change, modification, or vacation of a commitment order on other grounds. Under the provisions of OCGA § 15-11-63(e)(1)(D) and (e)(2)(C), a juvenile court may order a child "released from a youth development center or transferred to a nonsecure facility" during the period of restrictive custody set out in the initial order or may discharge a child from the Department's custody upon a motion after a year of custody. Reading the statutes together, such an order could be made on a ground other than "that changed circumstances so require in the best interest of the child." [OCGA § 15-11-40(b).]
In the Interest of J.V., supra, 282 Ga.App. at 321, 638 S.E.2d 757. Here, the juvenile court ruled that OCGA § 15-11-40(b) prohibited it from granting J.W.'s motion for early release because J.W. was already in the custody of the Department and because his motion was premised on the ground that "changed circumstances so require in the best interest of the child." Thus, contrary to J.W.'s contention, the juvenile court's interpretation and application of OCGA § 15-11-40(b) did not render OCGA § 15-11-63(e)(1)(D) and (2)(C) purposeless but rather found that the latter two Code subsections were not applicable to this case.
In an attempt to circumvent the provisions of OCGA § 15-11-40(b) and the holding of In the Interest of J.V., J.W. contends that the juvenile court erred in denying his motion for early release because his motion was also premised on the argument that a modification of the original commitment order is in the best interest of the State. This contention is without merit. J.W.'s motion clearly argues that early release is warranted because he has been rehabilitated while in restrictive custody. For instance, the motion notes that J.W. has made positive changes in his behavior, has improved his grades, and is progressing toward receiving his high school diploma. Indeed, even J.W.'s contention that his early release is in the best interest of the State is based primarily on the argument that continuing the restrictive custody of a rehabilitated juvenile is a waste of the State's financial resources. Thus, despite J.W.'s different characterization, "[t]his is clearly an argument `that changed circumstances so require in the best interest of the child,' and the trial court was not authorized to modify its order on this basis." In the Interest of J.V., supra, 282 Ga.App. at 321, 638 S.E.2d 757. See Dept. of Human Resources v. J.R.S.[5] (decided under previous Code section) (after the Department has physical custody, the juvenile court cannot change, modify, or vacate the commitment order on the ground that changed circumstances so require in the best interest of the child). Accordingly, the trial court did not err in denying J.W.'s motion for early release from restrictive custody.
Judgment affirmed.
MILLER and ELLINGTON, JJ., concur.
NOTES
[1] In the Interest of S.S., 276 Ga.App. 666, 667, 624 S.E.2d 251 (2005).
[2] Effingham County Bd. of Tax Assessors v. Samwilka, Inc., 278 Ga.App. 521, 522, 629 S.E.2d 501 (2006).
[3] Johnson v. Ford Motor Co., 281 Ga.App. 166, 169, 637 S.E.2d 202 (2006).
[4] In the Interest of J.V., 282 Ga.App. 319, 321, 638 S.E.2d 757 (2006).
[5] Dept. of Human Resources v. J.R.S., 161 Ga. App. 262, 263-264, 287 S.E.2d 713 (1982).