A08A2095. IN THE INTEREST OF P. S., a child.
(673 SE2d 74)

DOYLE, Judge.

P. S., a minor, appeals the denial of his motion to modify his sentence, arguing that the juvenile court erred in determining that it did not have authority to modify the commitment order. For the reasons set forth below, we affirm.

The record shows that on November 10, 2005, the juvenile court issued an order in which it found that P. S. had committed a designated felony act[1] and was in need of restrictive custody.[2] The juvenile court committed P. S. to the custody of the Department of Juvenile Justice (the "Department") for five years and ordered him confined to a youth development center for a period of twenty-four months, to serve the remaining thirty-six months under intensive supervision. The juvenile court specifically stated that "[the commitment order] is intended to run consecutive to any existing periods of restrictive custody previously ordered by this court or any other court of this state. Therefore[,] *this order shall not take effect until the youth is released from restrictive custody on any existing order.*"[3] Approximately two years later, P. S. moved to have this sentence modified and reduced. The juvenile court denied his motion, concluding that OCGA § 15-11-40 (b) prohibited modification of the com-

---

[1] See OCGA § 15-11-63.

[2] The juvenile court found that P. S. committed the delinquent acts of interference with government property and obstruction of an officer by participating in a disturbance while already confined at the Bill Ireland Youth Development Center.

[3] (Emphasis supplied.)

mitment order because P. S. was in the physical custody of the Department.

On appeal, P. S. contends that the juvenile court erred in ruling that it did not have authority to modify and/or reduce his sentence. Specifically, he argues that OCGA § 15-11-40 (b) did not apply because he had not yet begun serving his sentence for the commitment order he sought to modify.[4] We disagree.

OCGA § 15-11-40 (b) sets forth the grounds for modification of juvenile court orders and provides that an

> order of the court may also be changed, modified, or vacated on the ground that changed circumstances so require in the best interest of the child, except an order committing a delinquent child to the Department of Juvenile Justice, after the child has been transferred to the physical custody of the Department of Juvenile Justice, or an order of dismissal.

Applying this statute, we have previously held that an order committing a delinquent child to the Department for a designated felony act could not be modified to change the terms of confinement " 'on the ground that changed circumstances so require in the best interest of the child' " once the Department has taken physical custody of the child.[5] Thus, the juvenile court's authority to modify the commitment order turns on whether P. S. had been transferred to the custody of the Department.

> Well-established principles of statutory construction require that the literal meaning of the words of a statute must be followed unless the result is an absurdity, contradiction, or such an inconvenience that it is clear that the legislature must have intended something else. We must seek to effectuate the intent of the legislature, OCGA § 1-3-1 (a), and to give each part of the statute meaning. . . .[6]

The words "transferred to the physical custody" have a plain

---

[4] In his brief, P. S. indicates that he was "in restrictive custody at Bill Ireland Youth Development Center . . . pursuant to an order dated January 8, 2004 wherein he was sentenced to four . . . years restrictive custody." The State does not dispute this assertion.

[5] *In the Interest of J. V.*, 282 Ga. App. 319, 321 (638 SE2d 757) (2006) (quoting OCGA § 15-11-40 (b)). See *In the Interest of J. W.*, 293 Ga. App. 408, 410 (667 SE2d 161) (2008).

[6] (Punctuation omitted.) *Effingham County Bd. of Tax Assessors v. Samwilka, Inc.*, 278 Ga. App. 521, 522 (629 SE2d 501) (2006).

meaning.[7] It is undisputed that the Department had physical custody of P. S. The fact that he was completing a restrictive custody sentence imposed in a separate order does not change the result here. The November 2005 commitment order reflects the juvenile court's intent that P. S. serve the imposed restrictive custody after completing his prior sentence. Thus, we construe the language indicating that the order would not take effect until after P. S. was released from restrictive custody under the prior order as a method for ensuring that he served his sentences consecutively, as opposed to a limitation on the timing of the effect of the order as a whole.

Clearly, the juvenile court contemplated at the time of the commitment order that P. S. was in the Department's complete custody and control. As this Court has recognized, the Juvenile Court Code of Georgia evinces

> a legislative intent that — once the juvenile court judge in his discretion commits a juvenile to the division — custody and control of the juvenile is thereby and thereafter exclusively in the division, which is charged with responsibility to diagnose each juvenile and to determine, implement, and periodically revise as needed an individualized plan of care and treatment for each one.[8]

Here, the juvenile court's inclusion of the language regarding the effective date of the order did not indicate any impermissible intention to limit or control the Department's discretion in dealing with P. S. once it assumed physical custody of the child. Thus, under the particular facts of this case, we hold that because P. S. had been transferred to the physical custody of the Department, the juvenile court properly concluded that it was without authority to modify the sentence on the grounds "that changed circumstances so require in the best interest of the child."[9]

However, P. S. argues that because his motion for modification was based on grounds other than changed circumstances, the trial court had authority to modify his sentence under OCGA § 15-11-40 (b) and *In the Interest of J. V.*[10] We find this argument unpersuasive.

---

[7] See *In the Interest of B. D. T.*, 219 Ga. App. 804, 805 (466 SE2d 680) (1996).

[8] *In the Interest of R. D.*, 141 Ga. App. 843, 843-844 (234 SE2d 680) (1977) (interpreting prior code section, Code Ann. § 24A-2801; Ga. L. 1971, p. 709 et seq.).

[9] OCGA § 15-11-40 (b). See *In the Interest of J. V.*, 282 Ga. App. at 321; *In the Interest of S. S.*, 276 Ga. App. 666, 667-668 (624 SE2d 251) (2005) (juvenile court had no authority to amend its commitment order once the Department has assumed physical custody of the child); *In the Interest of B. D. T.*, 219 Ga. App. at 804-805.

[10] 282 Ga. App. at 321 (OCGA § 15-11-40 (b) does not prohibit the change, modification, or vacation of a commitment order on grounds other than "changed circumstances so require

In support of his motion, P. S. submitted the affidavits of multiple Department employees who stated that he had improved and essentially been rehabilitated while in restrictive custody. This is clearly an argument "that changed circumstances so require in the best interest of the child," and the trial court was not authorized to modify its order on this basis.[11] P. S. also argued that his sentence should be modified because he "was a very minor participant" in the disturbance at the Youth Development Center, and thus, "a consecutive sentence of two . . . years in custody is harsh and inconsistent with the interest of justice." This argument is essentially an attempt to have the trial court reconsider its sentence. P. S. has provided no authority supporting his argument that the juvenile court would be authorized to grant a motion to modify a sentence filed two years after the entry of the commitment order because the initial sentence was too harsh, and we are aware of none.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED JANUARY 27, 2009.

*Adams, Jordan & Treadwell, Cedric B. Davis,* for appellant.
*Fredric D. Bright, District Attorney, Joseph M. McKinnon, Assistant District Attorney,* for appellee.

---

in the best interest of the child").
[11] *In the Interest of J. W.,* 293 Ga. App. at 411. See OCGA § 15-11-40 (b); *In the Interest of J. V.,* 282 Ga. App. at 321.