680 S.E.2d 569 (2009)
In the Interest of T.H., a Child.
No. A09A0098.
Court of Appeals of Georgia.
June 25, 2009.
Betsey A. Flack, Jimmonique R.S. Rodgers, Fort Gordon, for appellant.
Kermit N. McManus, Dist. Atty., Matthew A. Rankin, Asst. Dist. Atty., for appellee.
BARNES, Judge.
T.H. appeals from the order of the Whitfield County Juvenile Court denying his motion for sentence reduction. He argues that this Court has incorrectly applied OCGA §§ 15-11-63(e)(2)(C) and 15-11-40(b), and that the juvenile court erred in finding that it had no authority to grant him an early release. Upon review, we affirm.
The record reflects that on April 19, 2005, the Whitfield County Juvenile Court ordered that T.H.'s suspended designated *570 felony order for theft by taking an automobile, entering an automobile, and burglary be reinstated. The order was reinstated because of T.H.'s problems at the Dalton Regional Youth Detention Center, including failure to participate in an outdoor therapeutic program, instigating a disturbance that resulted in injury to other juveniles, and continued discipline problems. He was ordered to serve two years in restrictive custody. On March 29, 2006, nunc pro tunc March 28, the juvenile court entered a second designated felony order for felony escape. In its order the court noted that in Whitfield County, T.H. had "adjudications for charges of disruption of a public school, truancy, runaway, burglary. In Murray County: loitering, terroristic threats, curfew violation, burglary four counts, violation of probation and burglary." This was the fifth time T.H. had escaped from a youth detention center ("YDC"). The juvenile court ordered that T.H. serve an additional four years in custody concurrent to the two years he was already serving. On August 15, 2006, the juvenile court entered an amended order designating T.H.'s release date as "when the child reaches the age of Twenty (20)."
On June 17, 2008, T.H. filed a motion for a sentence reduction maintaining that "the State's interests have been met and the purposes of the order have been accomplished" because he is rehabilitated, no longer a threat to the community, and will now be a productive member of society. Following a hearing, the trial court denied the order, finding that because a sentence reduction is not authorized when the request is premised on rehabilitation, "no grounds have been shown which would authorize an early release." T.H. appeals from that order.
1. T.H. first argues that this Court should overrule its previous decisions holding that a child in restrictive custody as a designated felon could not be released early on the ground that the release would be in the child's best interest. In the Interest of J.W., 293 Ga.App. 408, 667 S.E.2d 161 (2008); In the Interest of J.V., 282 Ga.App. 319, 638 S.E.2d 757 (2006). He contends that these decisions undermine the legislative intent of OCGA § 15-11-63(e)(2)(C), which provides, "The child shall not be discharged from the custody of the Department of Juvenile Justice unless a motion therefor is granted by the court, which motion shall not be made prior to the expiration of one year of custody." We decline to overrule these cases.
This Court held that although OCGA § 15-11-40(b) prohibits the change, modification, or vacation of a commitment order once a child is in the custody of the Department "on the ground that changed circumstances so require in the best interest of the child" or because the child has been rehabilitated, it does not prohibit the change, modification, or vacation of a commitment order on other grounds. J.V., 282 Ga.App. at 321, 638 S.E.2d 757; J.W., 293 Ga.App. at 410, 667 S.E.2d 161. We further concluded that the application of OCGA § 15-11-40(b) does not render OCGA § 15-11-63(e)(2)(C) purposeless in these circumstances.
T.H. argued that his early release should be granted because he was a different person after his two years of detention in that, among other things, he had received his GED, submitted to the discipline at the YDC, taken classes at a technical college, and was mature and no longer a threat to society. The juvenile court found that "[t]his is simply an argument that he has been rehabilitated, restated in other terms," and a sentence reduction is not authorized because the juvenile has been rehabilitated.
We agree that in this circumstance, a reduction in sentence was not authorized as this was, "clearly an argument `that changed circumstances so require in the best interest of the child,' and the trial court was not authorized to modify its order on this basis." (Footnote omitted.) J.V., supra, 282 Ga.App. at 321, 638 S.E.2d 757.
Although T.H. argues that our decisions in J.V., and J.W. also restrain the application of OCGA § 15-11-70(d)[1] which, likewise, cannot be harmonized with OCGA § 15-11-40(b), *571 he was sentenced under a designated felony order which is controlled by OCGA § 15-11-63. Thus, this argument is not properly before the Court.
2. Contrary to T.H.'s contention, the juvenile court did not find that it "had no authority" to release him. It found instead that, because T.H. was arguing, in essence, that early release was appropriate because he had been rehabilitated, those grounds did not authorize a sentence reduction.
Judgment affirmed.
MILLER, C.J., and ANDREWS, P.J., concur.
NOTES
[1] "The court may terminate an order of disposition of a child adjudicated as delinquent or unruly or an extension of such a disposition order prior to its expiration, on or without an application of a party, if it appears to the court that the purposes of the order have been accomplished."