A09A1111. IN THE INTEREST OF K. F., a child.

(683 SE2d 650)

MILLER, Chief Judge.

K. F. appeals the denial of his motion for early release from a youth development center, arguing that (i) the juvenile court judge should have recused himself after ruling on the motion without a hearing; and (ii) the juvenile court erred in relying on youth status reports contained in the court's file and not presented by the State in opposition to the motion. Given that the juvenile court lacked jurisdiction to modify its commitment order pursuant to OCGA § 15-11-40 (b), its denial of K. F.'s motion for early release was not error. For the reasons that follow, we affirm.

The enumerations of error involve questions of law, which we review de novo. *In the Interest of R. F.*, 295 Ga. App. 739 (673 SE2d 108) (2009).

The record shows that on July 28, 2006, K. F. was adjudicated delinquent after admitting to committing the offenses of aggravated assault, hijacking of a motor vehicle, reckless driving, fleeing and attempting to elude a police officer, and driving without a license. At that time, the juvenile court issued an order committing K. F. to the custody of the Department of Juvenile Justice ("the Department") for five years and confining him to a youth development center for 60 months.

On March 31, 2008, K. F. filed a motion for early release from the youth development center under OCGA § 15-11-63 (e) (1) (D) and (e) (2) (C), and the juvenile court denied the motion without a hearing on the ground that Georgia law did not allow it to consider K. F.'s request on the grounds set forth in the motion. Thereafter, the juvenile court vacated the order denying the motion and scheduled a hearing on K. F.'s motion. During the hearing, the State moved to dismiss the motion, arguing that the juvenile court lacked jurisdiction to modify the commitment order because the Department already had physical custody of K. F. The juvenile court took the State's motion under advisement, heard evidence, and denied the motion for early release. In its order denying the motion, the juvenile court acknowledged that it appeared to have no authority to grant K. F.'s motion. The juvenile court went on to conclude that, even if it had such authority, the "nature and egregiousness of the offenses for which the child was adjudicated delinquent and subjected to restrictive custody" justified the denial of the motion.

1. K. F. argues that the juvenile court judge erred in failing to recuse himself after he denied the motion without a hearing. Since the juvenile court lacked jurisdiction to modify its commitment order on the grounds raised in K. F.'s motion for early release, we need not reach the issue of whether the juvenile court judge should have

recused himself from the case.

The dispositive question is upon what grounds may a juvenile court modify an order committing a delinquent child to the Department.

OCGA § 15-11-40 (b) sets forth grounds for modifying or vacating a juvenile court's order, and provides that

> [a]n order of the court may also be changed, modified, or vacated on the ground that changed circumstances so require in the best interest of the child, *except an order committing a delinquent child to the Department of Juvenile Justice, after the child has been transferred to the physical custody of the Department of Juvenile Justice. . . .*

(Emphasis supplied.) In *In the Interest of J. V.*, 282 Ga. App. 319, 320-322 (638 SE2d 757) (2006), we held that although OCGA § 15-11-63 suggests that a juvenile court could order a child's early release from a youth development center to a less restrictive form of custody and that a child or the Department could move for early discharge from custody once a child is in custody, OCGA § 15-11-40 (b) prohibits the change, modification, or vacation of a commitment order "on the ground that changed circumstances so require in the best interest of the child." Compare *In the Interest of B. D. T.*, 219 Ga. App. 804, 804-805 (466 SE2d 680) (1996) (juvenile court could modify its order of commitment when child had not yet been transferred to physical custody of Department). OCGA § 15-11-40 (b), however, does not prohibit the change, modification, or vacation of a commitment order on other grounds. *In the Interest of J. V.*, supra, 282 Ga. App. at 321.

It is undisputed that K. F. was in the physical custody of the Department in 2008 when he filed his motion for early release. In his motion, K. F. argued that he had been rehabilitated and would benefit from early release. Specifically, the motion argues that K. F. has made major overall progress, presents no problems to staff or his peers, is passing the majority of his academic classes, and has received a satisfactory rating for his behavior in his classes. Citing the foregoing "significant changes and rehabilitation" of K. F., his counsel requested his release from the youth development center into intensive supervision for a 12-month period. Clearly, this is an argument that "changed circumstances" required release to a less restrictive custody "in the best interest of the child." OCGA § 15-11-40 (b). See *In the Interest of J. W.*, 293 Ga. App. 408, 411 (667 SE2d 161) (2008) (argument that child "has made positive changes in his behavior, has improved his grades, and is progressing toward receiving his high school diploma" was one that "changed circum-

stances so require in the best interest of the child"); *In the Interest of J. V.*, supra, 282 Ga. App. at 321; *In the Interest of S. S.*, 276 Ga. App. 666, 667 (624 SE2d 251) (2005).

Further, the evidence adduced at the hearing was consistent with the grounds alleged in K. F.'s motion. K. F.'s father testified that, according to counselors at the youth development center, his son's grades and behavior had improved, and he had not been involved in any negative incidents. K. F.'s father indicated that he had noticed a change in his son, such that K. F. was more conversant and honest with him. Additionally, he testified that he was able to provide a better environment for his son given his move from a multi-family property in a high crime area to a quiet subdivision, and that his mother would be available to watch his son if he is released.

Under these circumstances, we conclude that OCGA § 15-11-40 (b) prohibited the juvenile court from modifying the commitment order given that K. F. was already in the custody of the Department and his motion was premised on the ground "that changed circumstances so require in the best interest of the child." (Citation and punctuation omitted.) *In the Interest of J. V.*, supra, 282 Ga. App. at 321.

Even assuming arguendo that the juvenile court had jurisdiction to consider the motion for early release, K. F. waived any objection to the juvenile judge presiding over the case by failing to file a timely motion to recuse. *In the Interest of C. C. C.*, 188 Ga. App. 849, 850 (1) (374 SE2d 754) (1988).

2. Given our holding of Division 1 that the juvenile court lacked jurisdiction to modify the commitment order, we need not reach the issue of whether the juvenile court erred in considering youth status reports in its file.

For the reasons set forth above, we affirm the juvenile court's order denying K. F.'s motion for early release from restrictive custody.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED AUGUST 12, 2009.

*Rowe, Rowe & Thomas, Anton L. Rowe*, for appellant.
*Tommy K. Floyd, District Attorney, Thomas L. Williams, Assistant District Attorney*, for appellee.