70569. IN THE INTEREST OF A. D. F.
(335 SE2d 144)

DEEN, Presiding Judge.

The sole issue in this case is whether there was sufficient evidence presented at the hearing on a truancy petition to support the juvenile court's finding that the child in question was guilty of "unruly" conduct under OCGA § 15-11-2 (12) (A) which provides that an " 'unruly' child means a child who: (A) While subject to compulsory school attendance is habitually and without justification truant from school."

The evidence showed that the Board of Education of Henry County considered a child's absence from school to be "unexcused" if the child did not bring a written, dated excuse signed by a parent or guardian the first day the child returned to school after an absence for illness, a death in the family or other legally excusable reason. The mother of the fourteen-year-old child in question admitted that her daughter was absent on the nine dates specified in the petition, but

denied the child was absent without justification. The evidence, which included the mother's testimony and some medical records, indicated that the child was either ill, undergoing medical tests, or attending another school on the dates in question. The mother testified she provided her daughter with an excuse to deliver to the school, or in one instance, personally informed someone at the school that the child would be absent because she was attending the Elks Aidmore School. There was no evidence that the school officials received the notes or recalled the mother's explanation about the Aidmore School. The court noted the mother's hostility towards the school officials.

OCGA § 20-2-690.1 mandates school attendance for children between the ages of 7 and 16. OCGA § 20-2-693 provides exemptions for illness and other legal emergencies. The Board of Education rules requiring an excuse do not conflict with these code sections and seem to be a fair and reasonable method of handling the excused absence situation.

The school officials testified that the child had been retained in the sixth grade the previous school year because she missed 72 days from school and that there had been communication with the child's mother regarding these absences. During the current school year, the child and her mother were informed that the daughter's absences due to illness would require the services of a homebound teacher while she was out of school, but the mother never bothered to pick up and complete the necessary forms. These facts, combined with the child's failure to produce the requisite excuse after an absence, indicate that the child was in need of supervision and that there was sufficient evidence for the court to find the child truant and unruly. The court properly exercised its discretion by placing the child on probation which required her to attend school regularly unless she had a medically or legally excused absence.

*Judgment affirmed. Banke, C. J., McMurray, P. J., Birdsong, P. J., Carley, Sognier, Pope and Benham, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

This is a case of leaping a gap without safely making it to the other side, logically speaking. Applying the law of Georgia to the journey from petition to final court order, there is a twist in the path which makes the destination arrived at the wrong one, I respectfully submit.

As the majority states, the law requires children of the age of the child in this case to attend school. The parent is responsible in that "[e]very parent . . . shall enroll and send such child . . . to a . . . school," and the child "shall be responsible for enrolling in and attending . . . under such penalty for noncompliance . . . as is provided

in Chapter 11 of Title 15 [Juvenile Proceedings], unless the child's failure to enroll and attend is caused by the child's parent, . . . in which case the parent . . . alone shall be responsible; . . ." OCGA § 20-2-690.1 (a). As to the parent, subsection (b) makes violation a misdemeanor. Children who are excused from attendance by the school board in accordance with general policies and regulations promulgated by the State Board of Education are exempt; the State Board is to take sickness into consideration in its promulgations. OCGA § 20-2-693.

Turning to Chapter 11 of Title 15, which focuses on the child, the law allows the court to make any disposition of a child found by it to be unruly which it could make for a delinquent child, with an exception not here relevant. OCGA § 15-11-36. Wide discretion in fashioning an appropriate disposition "best suited to [the child's] treatment, rehabilitation, and welfare" is given and includes probation such as apparently was prescribed here. OCGA § 15-11-35.[1]

An "unruly child," as defined by the law, includes one who "[w]hile subject to compulsory school attendance is habitually and without justification truant from school; . . . OCGA § 15-11-2 (12) (A). The law does not define truant but the dictionary does. To be "truant" is to be "one who stays away from business or any duty; especially, one who stays out of school without leave." Webster's New Intl. Dictionary, 2d Edition. The school board reasonably requires a written note from the parent, containing an acceptable basis for the child's absence, before it will count the absence as "excused" and, among other things, allow the child to make up the missed school work.

Here there is no doubt that the child was truant as far as the school board was concerned, because there were no written notes. The mother said she orally notified the school she was trying to enroll the child in a certain special school (accounting for 3 of the 9 absences), which the school acknowledged knowing about except for the exact days when the attempt was made. She also said she sent notes about the child's progressively worsening illness for the other days, but they were never received. No inquiry was made by the court of the child about them. In any event, the child had nine unexcused absences up through November 2. The explanation for the absences was unrebutted; in addition to the three in which she was occupied with the other school, the child had serious urinary tract problems which made her ill, required medical treatment, and eventualized in hospitalization on November 11 and surgery on November 12. Thus, while she was in

---

[1] The conditions and stipulations of probation, which were incorporated by reference in the court's order, are not included in the record.

fact truant, this did not make her ipso facto an "unruly child" and thereby subject to the court's widely-discretioned disposition. The truancy must be "without justification." All of the evidence before the trial court showed that, while there may have been no justification for the absence of the written notes, there was ample and, in part statutorily-recognized ("illness"), justification for the absence of the child.

The trial court equated "truancy" with "unruliness" of the child, without recognizing that there is a gap between the two which must be bridged by a finding of "without justification." The justification was the illness and the efforts to relocate into a more suitable school. "Without justification" cannot be ignored; nor can it be bottomed on the school's not having received written parental "excuse" notes for, as the school personnel testified, it is the parent's responsibility to send them and the parent's or the child's to deliver them. To find that a child is unruly and therefore in need of court-ordered treatment, rehabilitation, and supervision because she did not deliver written "excuse" notes, even if she did receive them with instruction, would extend legal "unruliness" far beyond what is contemplated by OCGA § 15-11-2 (12) (A). Absences without notes of explanation, which are initially the parent's responsibility, would then in and of themselves constitute a sufficient basis for declaring a child legally "unruly." Here it appears that the "sins" of the mother in not assuring that the authorities knew the reasons for the child's absences were "visited" upon the child, and that is where the path twisted. Even if the unexcused nature of the absences was the child's fault for failing to deliver the notes, declaring such behavior without more as legally unruly would be consummately harsh. I would reverse.

DECIDED SEPTEMBER 12, 1985.

*Wade M. Crumbley*, for appellant.
*E. Byron Smith, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.