630 S.E.2d 771 (2006)
279 Ga. App. 237
In the Interest of L.J., a child.
No. A06A0433.
Court of Appeals of Georgia.
April 13, 2006.
Reconsideration Denied May 8, 2006.
*772 Mark J. Nathan, Savannah, for appellant.
Spencer Lawton, Jr., District Attorney, Jeffrey S. Hendrix, Assistant District Attorney, for appellee.
Leigh S. Schrope, James C. Bonner, Jr., Joseph F. Burford, amici curiae.
ELLINGTON, Judge.
The Juvenile Court of Chatham County adjudicated L.J. delinquent for violating curfew and for acts which, if committed by an adult, would constitute the crimes of obstruction, criminal trespass, burglary, and motor vehicle theft (five counts). Upon finding that L.J. committed the additional motor vehicle theft violations, designated felony acts under OCGA § 15-11-63(a)(2)(E), the juvenile court imposed restrictive custody pursuant to OCGA § 15-11-63(b). The court held that OCGA § 15-11-63(b) requires only that L.J. commit "a second or subsequent violation and does not require a second or subsequent adjudication" to authorize restrictive custody in cases of motor vehicle theft. L.J. appeals from this order, contending that the court erred in imposing restrictive custody because OCGA § 15-11-63(a)(2)(E) should be construed to require a previous adjudication of motor vehicle theft before restrictive custody is authorized.
The facts are undisputed. L.J. admitted the allegations as set forth in the delinquency petition. On February 3, 2005, L.J. and two other juveniles broke into ABC Auto Detailers and took the keys to at least five cars. Each juvenile used a set of keys to drive a car away. After stealing these three cars, they returned and took two more cars.
OCGA § 15-11-63(a)(2)(E) defines a "designated felony act" as an act which constitutes "a second or subsequent violation of Code Sections 16-8-2 through 16-8-9, relating to theft, if the property which was the subject of the theft was a motor vehicle." In the case before us, the juvenile petition alleged that L.J. participated in the theft of five carsin other words, that he violated OCGA § 16-8-2 five times. The petition, as drafted, set forth "a second violation" of the law which was sufficient to authorize restrictive custody upon L.J. being found delinquent. OCGA § 15-11-63(a)(2)(E).
*773 L.J. argues that "violation"[1] in this context should be construed to mean "adjudication."[2] We disagree. It is fundamental that "[i]n all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly." OCGA § 1-3-1(a). In so doing, "the ordinary signification shall be applied to all words." OCGA § 1-3-1(b). Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. Hollowell v. Jove, 247 Ga. 678, 681, 279 S.E.2d 430 (1981). A statute's plain language, so long as it does not lead to "absurd or wholly impracticable consequences...is the sole evidence of the ultimate legislative intent." (Citations and punctuation omitted.) Id. In fact, "[w]here the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." (Citations omitted.) Six Flags Over Ga. II, L.P. v. Kull, 276 Ga. 210, 211, 576 S.E.2d 880 (2003). Moreover, Georgia law provides that the express mention of one thing in an act or statute implies the exclusion of all other things. Morton v. Bell, 264 Ga. 832, 833, 452 S.E.2d 103 (1995). In our reading of a statute, this Court "is not authorized to disregard any of the words [used in the statute] unless the failure to do so would lead to an absurdity manifestly not intended by the legislature." (Citation and punctuation omitted.) Labovitz v. Hopkinson, 271 Ga. 330, 336(3), 519 S.E.2d 672 (1999).
Our review of OCGA § 15-11-63(a)(2) reveals that the legislature understood the meaning of the words "violation" and "adjudication," used the words throughout the subsection according to their ordinary signification, and did not use the words inter-changeably or as synonyms for each other when defining "designated felony act." "Violation" is used eight times. See OCGA § 15-11-63(a)(2)(B)(ii), (B)(vi), (B) (viii), (B)(ix), (B)(x), (C), (C.1), and (E). Each time "violation" is used, it is used to mean a breach of law. "Adjudication" is used five times, and each time it is used to mean either a previous adjudication of delinquency by a court or a future resolution of a transferred case by a court. See OCGA § 15-11-63(a)(2)(B)(vii), (B)(x), (C), (D). Moreover, when the legislature uses both words in the same subsection, it does not use the words interchangeably or as synonyms for each other, but according to their plain meaning. See OCGA § 15-11-63(a)(2)(B)(x) (escape).[3] Because the words "violation" and "adjudication," as used in OCGA § 15-11-63(a)(2), have plain and unambiguous meanings, they comprise the only evidence of legislative intent. E.g., Six Flags Over Ga. II, L.P. v. Kull, 276 Ga. at 211, 576 S.E.2d 880; Hollowell v. Jove, 247 Ga. at 681, 279 S.E.2d 430. Therefore, we hold that OCGA § 15-11-63(a)(2)(E) does not require proof of a second or subsequent adjudication of delinquency (although such would suffice) to authorize the imposition of restrictive custody. Rather, OCGA § 15-11-63(a)(2)(E) authorizes restrictive custody when a child is found to have committed a second or subsequent violation of OCGA §§ 16-8-2 through 16-8-9, if the property which was the subject of the theft was a motor vehicle.
This holding does not lead to an absurd result. The State still bears its burden of proving beyond a reasonable doubt[4] that the second or subsequent violation alleged is indeed a second or subsequent violation *774 of the law. That is, a first or prior violation is an element of the designated felony act that must be proven beyond a reasonable doubt before restrictive custody may be imposed under OCGA § 15-11-63(a)(2)(E). Further, OCGA § 15-11-63 is not, as the Georgia Public Defender Standards Council[5] argues, like a traditional "recidivist statute" that was solely intended to provide enhanced criminal punishment[6] for adult repeat offenders. We have distinguished OCGA § 15-11-63 from recidivist statutes like OCGA §§ 16-13-30 and 17-10-7. For example, OCGA § 15-11-63 contains no notice provision. See In the Interest of A.T., 246 Ga.App. 30, 31, 539 S.E.2d 540 (2000) ("[D]ue process does not require that the juvenile be informed either in writing or in the delinquency petition that he is being charged with a designated felony act which may require that he be sentenced to restrictive custody."). Moreover, the general scheme of the statute reveals that the purpose of the Designated Felony Act is to provide juvenile court judges with the discretion to impose restrictive custody when a juvenile commits a serious offense regardless of whether the juvenile is a recidivist.
For these reasons, the trial court was authorized to impose restrictive custody upon finding that L.J. committed a second violation of the motor vehicle theft law as set forth in OCGA § 15-11-63(a)(2)(E). We find no error.
Judgment affirmed.
JOHNSON, P.J., and MILLER, J., concur.
NOTES
[1] "Violation" is defined as an "infraction or breach of the law; a transgression." Black's Law Dictionary 1564 (7th ed.1999).
[2] "Adjudication" is defined as "[t]he legal process of resolving a dispute; the process of judicially deciding a case. 2. JUDGMENT." Black's Law Dictionary 42 (7th ed.1999).
[3] "Any violation of Code Section 16-10-52, relating to escape, if the child involved in the commission of such act has been previously adjudicated to have committed a designated felony." (Emphasis supplied.)
[4] An adjudication of delinquency must be supported by evidence upon which a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. "The standard of review on appeal in a case of a juvenile adjudication is the same as that for any criminal case." (Citation omitted.) In the Interest of M.G., 233 Ga.App. 23, 503 S.E.2d 302 (1998); see generally Jackson v. Virginia, 443 U.S. 307, 318-319(III)(C), 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[5] Court of Appeals Rule 26 permits amicus curiae to file briefs without leave of court. However, the briefs are limited to those issues "properly raised by the parties." We considered the amicus curiae briefs filed by the Georgia Public Defender Standards Council and District Attorneys' Association of Georgia only to the extent those briefs touched upon the legal issues properly enumerated as error by L.J.
[6] It bears repeating here that "although OCGA § 15-11-63 has some punitive aspects, one of its primary functions is the treatment and rehabilitation of the child and an adjudication under it is not a criminal conviction." (Emphasis supplied.) In re L.C., 273 Ga. 886, 889(1), 548 S.E.2d 335 (2001). For that reason, the Supreme Court of Georgia concluded that "an order of restrictive custody under [OCGA] § 15-11-63 is not sufficiently like a criminal adjudication to invoke a constitutional right to a trial by jury." Id.