A06A1218. IN THE INTEREST OF J. R., a child.
(633 SE2d 447)

ELLINGTON, Judge.

J. R. was adjudicated delinquent by the Juvenile Court of Glynn County of committing acts which, if committed by an adult, would constitute the felony offense of criminal attempt to commit burglary. On appeal, J. R. argues, in three related enumerations of error, that the juvenile court erred in committing him into the custody of the Department of Juvenile Justice (the Department) for two years consecutive to a 60-day boot camp program.

1. The record reveals that the juvenile court entered two dispositional orders. In the first order, the court ordered J. R. "detained by the Department of Juvenile Justice" for 60 days in a short-term "boot camp" program. The order provided that upon completion of the program, J. R. "shall be and is hereby committed to the Department of Juvenile Justice pursuant to an order of commitment which is being entered simultaneously herewith." In the second order, the court "committed" J. R. "to the Department of Juvenile Justice for care, supervision and planning" as provided by law "effective immediately upon said child's release from the [boot camp program]." Contrary to J. R.'s assertion, the court did not "sentence" J. R. to "two years" in the Department's custody "consecutive" to the 60-day program.[1] Further, the second order was silent as to J. R.'s appropriate treatment or rehabilitation, leaving that decision to the Department according to its internal policies.

---

[2] *Jered Indus. v. Pearson*, 261 Ga. App. 373, 374-375 (582 SE2d 522) (2003).
[1] The juvenile court announced during the dispositional hearing that "I'm going to commit

Pursuant to OCGA § 15-11-70 (a), an order of disposition "continues in force for two years or until the child is sooner discharged by the Department of Juvenile Justice." Thus, the orders, both of which were entered on September 22, 2005, will both expire by operation of law two years from that date. Id. Therefore, they do not impose "consecutive sentences" nor do they violate OCGA § 15-11-70 (a). And while the court may extend the duration of J. R.'s commitment to the Department at the end of two years, it may only do so after a hearing as provided by OCGA § 15-11-70 (a).

Further, it was within the court's discretion to send J. R. to a short-term boot camp program in addition to committing him into the custody of the Department. Pursuant to OCGA § 15-11-66 (b) (1), the juvenile court "may in its discretion in those cases involving . . . [a felony offense] . . . , in addition to any other treatment or rehabilitation, order the child to serve up to a maximum of 60 days in a youth development center."

Finally, the law provides that J. R. will be given credit for any time spent in detention following his adjudication but prior to his being admitted into the boot camp program. OCGA § 15-11-66 (b) (1). The law does not require the juvenile court or the Department, however, to give J. R. credit for time spent in detention prior to his adjudication.[2] Therefore, we find no error in the court's dispositional orders.

2. The appellee's motion for frivolous appeal penalties is denied. *Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JUNE 23, 2006 — 

*Sherri J. Jefferson*, for appellant.
*Stephen D. Kelley, District Attorney, W. Franklin Aspinwall, Jr., Assistant District Attorney*, for appellee.

---

him to the short-term program for 60 days, followed by commitment to D.J.J. for two years." While one may infer from this an intent to impose separate, consecutive dispositions, "[a] judge's oral pronouncement is not a judgment until it is put in writing and entered as the judgment. While a judge's oral statements on the record may provide insight into the intent of [his or] her subsequent written judgment, any discrepancies between the two must be resolved in favor of the written judgment." (Footnotes omitted.) *In the Interest of S. S.*, 276 Ga. App. 666, 667 (624 SE2d 251) (2005).

[2] Adult offenders are given credit for time served in jail awaiting trial pursuant to OCGA § 17-10-10 (b). *Spann v. Whitworth*, 262 Ga. 21, 22-23 (1) (413 SE2d 713) (1992). There is no corresponding provision in the law pertaining to delinquent and unruly children. See OCGA § 15-11-62 et seq.