A06A2360. IN THE INTEREST OF P. R., a child.
(638 SE2d 898)

SMITH, Presiding Judge.

A juvenile court adjudicated 14-year-old P. R. delinquent for an act which, if committed by an adult, would constitute the crime of theft by taking a motor vehicle. Following a dispositional hearing, the court sentenced P. R. under OCGA § 15-11-63, which classifies certain offenses as "designated felony acts," and ordered that he be placed in the custody of the Georgia Department of Juvenile Justice for five years. P. R. appeals, contending that his sentence is void because he did not commit a "designated felony act." We agree that the trial court improperly sentenced P. R. We therefore vacate the sentence and remand the case for resentencing.

The facts are undisputed. P. R. admitted to entering four automobiles with the intent to commit a theft and to theft by taking a motor vehicle during the late night hours of December 26, 2005, as alleged in the four separate petitions filed in the juvenile court on December 30, 2005.[1] In sentencing P. R. for a designated felony act, the trial court noted that P. R. had previously been adjudicated delinquent for (1) terroristic threats in February 2005, and (2) possession of tobacco, possession of marijuana, and violation of probation in March 2005.

OCGA § 15-11-63 (a) (2) (B) (vii) provides that a "designated felony act" includes "an act which . . . if done by an adult, would be a felony, if the child committing the act has three times previously been adjudicated delinquent for acts which, if done by an adult, would have been felonies." Both theft by taking a motor vehicle and entering an automobile with the intent to commit a theft would be felonies if committed by an adult. See OCGA §§ 16-8-2; 16-8-12 (a) (5) (A); 16-8-18. And in order for any of P. R.'s acts to be considered a "designated felony act," it must be part of a fourth (or more) *adjudication of delinquency* for acts which, if done by an adult, would have been felonies.

The statute's requirement of three previous adjudications must refer to three actual prior adjudications of delinquency, not including the current adjudication. See *In the Interest of L. J.*, 279 Ga. App. 237,

---

[1] P. R. denied entering a fifth vehicle as alleged in a fifth petition.

238 (630 SE2d 771) (2006) ("Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. [Cit.]"). Although the State argues that P. R. was "adjudicated on five separate petitions setting out five separate felonies," the record reveals that P. R. had only been adjudicated delinquent on *two prior* occasions for acts which, if done by an adult, would have been felonies (terroristic threats and possession of marijuana).[2] And the charges outlined in the five petitions filed on December 30, 2005, were all considered as part of the current (third) adjudication.

Although the juvenile court's order refers to P. R. as "having been recommitted for two years for the offenses of Entering an Automobile (4 counts) as referenced above on 1/6/2006," the commitment orders were issued on the same day at the same time and arose out of the same set of facts. In this case, we cannot consider the two orders as two separate adjudications.

The trial court therefore erred in sentencing P. R. for a designated felony act on his third adjudication of delinquency for an act which, if committed by an adult, would have been a felony. Compare *In the Interest of L. J.*, supra, 279 Ga. App. at 239-240 (deciding case under OCGA § 15-11-63 (a) (2) (E), where designated felony act is determined by number of violations rather than number of adjudications). Accordingly, we must vacate P. R.'s sentence and remand the case to the juvenile court for resentencing in a manner consistent with this opinion.

*Judgment affirmed, sentence vacated and case remanded for resentencing. Ruffin, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 17, 2006.

*Larry M. Johnson*, for appellant.
*C. Paul Bowden, District Attorney*, for appellee.

---

[2] See OCGA §§ 16-11-37 (c); 16-13-30 (j); 16-1-3 (5).