# FIRST DIVISION
## ELLINGTON, C. J.,
## PHIPPS, P. J., and DILLARD, J.

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 25, 2012

# In the Court of Appeals of Georgia

A12A0594. IN THE INTEREST OF L. R. III, a child.

DILLARD, Judge.

L. R. III, a juvenile, entered an admission to acts which, if committed by an adult, would constitute the crime of aggravated assault, and further admitted to possession of a weapon by an underage person. Following a dispositional hearing, the juvenile court adjudicated L. R. to be a designated felon and entered a restrictive custody commitment order requiring that he be confined in a youth development center for a statutorily authorized period of time, but expressly declined to give him credit for the time he served in pre-disposition detention. On appeal, L. R. argues that his sentence is unlawful because the governing statute requires that the juvenile court give him credit for time served. For the reasons noted *infra*, we vacate the trial court's order and remand for resentencing.

The undisputed facts show that the State filed a delinquency petition alleging that L. R. committed criminal attempt to commit murder, aggravated assault, possession of a weapon by an underage person, and participation in a criminal street gang. The allegations arose out of an incident in which L. R. engaged in a fight with the victim and subsequently shot him, inflicting a non-lethal wound.

At the time of the dispositional hearing on July 15, 2011, L. R. had been detained since December 3, 2010—a total of 225 days[1]—as his case was being transferred between the juvenile and superior courts.[2] The juvenile court accepted L. R.'s admission to acts which, if committed by an adult, would constitute aggravated assault and to possession of a weapon by an underage person.[3] The court also adjudicated L. R. to be a designated felon.[4] The juvenile court then recognized that

---

[1] Although the dates of L. R.'s uninterrupted detention are undisputed in the record, L. R. asserts that the pre-disposition detention totaled 141 days. According to our calculations, the total pre-disposition detention from December 3, 2010 to July 15, 2011 was 225 days.

[2] *See* OCGA § 15-11-28 (b) (1); OCGA § 15-11-30.2 (a); OCGA § 17-7-50.1 (a), (b).

[3] *See* OCGA § 16-5-21 (a) (2) (aggravated assault); OCGA § 16-11-132 (b) (possession of handgun by persons under 18).

[4] *See* OCGA § 15-11-63 (a) (2) (B) (ii) (defining an act which, if done by an adult, would constitute aggravated assault as a "designated felony act" for which the

L. R. had "been incarcerated for quite a while," but nonetheless ordered that L. R. be committed to the Department of Juvenile Justice for roughly 45 months, with no less than 24 months to be served in a youth development center, and expressly stated in its order that L. R. would receive "no credit for time served."

L. R. does not challenge the juvenile court's findings of fact nor does he assert that the court's imposition of restrictive custody fell outside of the statutorily authorized range of confinement. Rather, in his sole enumeration of error, L. R. contends that the juvenile court's failure to give him credit for timed served renders the restrictive custody order unlawful pursuant to OCGA § 15-11-63 (e) (1) (B), which provides, in pertinent part, that when a court orders

> restrictive custody in the case of a child found to have committed a designated felony act . . . [t]he order shall provide that . . . [t]he child shall initially be confined in a youth development center for a period set by the order, to be not less than 12 nor more than 60 months; *provided, however, that time spent in secure detention prior to placement in a youth development center shall be counted toward the period set by the order* . . . .[5]

_____

juvenile court may impose restrictive custody).

[5] OCGA § 15-11-63 (e) (1) (B) (emphasis added).

Given the foregoing statutory language, we are constrained to agree with L. R. that the juvenile court's commitment order on its face violates the plain language of OCGA § 15-11-63 (e) (1) (B) to the extent that the statute mandates that a juvenile's pre-disposition detainment must be credited to the time set for confinement.[6] We note, however, that to the extent the juvenile court intended that L. R. serve 24 months in restrictive custody above and beyond the pre-disposition detainment time served, the extended period of confinement would still fall within statutorily authorized range.[7] We nonetheless must vacate the trial court's dispositional order of commitment as written and remand this case to the trial court for resentencing in accordance with this opinion.[8]

---

[6] *See In the Interest of L. J.*, 279 Ga. App. 237, 238 (630 SE2d 771) (2006) ("Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly."); *see also Reeves v. Upson Regional Medical Center*, __ Ga. App. __, 2012 WL 934517, *3 (2012) ("[W]hen we consider the meaning of a statute, we always must presume that the General Assembly means what it says and says what it means, and an unambiguous statute must be afforded its plain meaning.") (citation and punctuation omitted); ANTONIN SCALIA, A MATTER OF INTERPRETATION: FEDERAL COURTS AND THE LAW 22 (Princeton Univ. Press 1997) ("The text is the law, and it is the text that must be observed.").

[7] *See* OCGA § 15-11-63 (e) (1) (B).

[8] *See generally In the Interest of P. R.*, 282 Ga. App. 480, 481 (638 SE2d 898) (2006) (remanding case to the juvenile court for resentencing when restrictive

*Judgment vacated and case remanded. Ellington, C. J., and Phipps, P. J.,*

*concur.*

---

custody order failed to comport with the requirements of OCGA § 15-11-63); *see also In the Interest of T. C. S.*, 307 Ga. App. 707, 710 (2) (706 SE2d 101) (2011); *In the Interest of A. Z.*, 301 Ga. App. 524, 530-31 (2) (b) (687 SE2d 887) (2009); *In the Interest of M. D. L.*, 271 Ga. App. 738, 742 (3) (610 SE2d 687) (2005).