**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**January 22, 2013**

# In the Court of Appeals of Georgia

A12A1993. IN THE INTEREST OF M. A. I., a child.

DILLARD, Judge.

M. A. I., a child, appeals the juvenile court's order extending his probation for a period of two years after he repeatedly failed to complete conditions of same. On appeal, he argues that (1) the juvenile court erred by refusing to give him credit for time served in Regional Youth Detention Centers; (2) the juvenile court failed to make treatment and rehabilitative efforts; and (3) the juvenile court's orders made it impossible to complete the terms of probation without issuing an extension. For the reasons set forth *infra*, we affirm.

The record reflects that following an adjudication of delinquency for possessing an imitation controlled substance with the intent to distribute,[1] the juvenile court issued an order of disposition against M. A. I. on March 18, 2010, finding that commitment was not necessary at that time and placing him on probation subject to certain terms and conditions. One such condition required M. A. I. to attend a special evening reporting program for 60 to 75 days. But over the course of the next two years, M. A. I. repeatedly violated the terms of his probation, resulting in adjudications of delinquency for same and the imposition of additional conditions to the original March 2010 order. These additional conditions included periods of short-term detainment by the Department of Juvenile Justice, referrals for psychological evaluation, orders for counseling, and an increase in the number of days that M. A. I. was required to report to the evening program. On March 16, 2012, pursuant to a motion to extend probation based on M. A. I.'s failure to complete all conditions of

---

[1] *See* OCGA § 16-13-30.2 (a) ("Any person who knowingly manufactures, distributes, or possesses with intent to distribute an imitation controlled substance as defined as paragraph (12.1) of Code Section 16-13-21 is guilty of a misdemeanor of a high and aggravated nature."); *see also* OCGA § 15-11-72 ("An order of disposition or other adjudication in a proceeding under this article is not a conviction of a crime . . . .").

probation, the juvenile court extended the period of probation for an additional two years. This appeal by M. A. I. follows.

1. M. A. I. first argues that the juvenile court erred by failing to give him credit for time he served in Regional Youth Detention Centers prior to the court's adjudications of delinquency for violating the terms of his probation. Specifically, M. A. I. takes issue with the juvenile court's orders from June 13, 2011, and August 2, 2011, arguing that the court ordered him to serve more than 30 days in detention in violation of OCGA § 15-11-66. We disagree.[2]

In support of his argument, M. A. I. first directs us to our General Assembly's 2010 amendment to OCGA § 17-10-11, which provides that

> [e]ach person convicted of a crime in this state shall be given full credit
> for each day spent in confinement awaiting trial and for each day spent
> in confinement, in connection with and resulting from a court order
> entered in the criminal proceedings for which sentence was imposed, in

---

[2] We note in passing that the record does not contain any indication of when M. A. I. was detained, but M. A. I. attached an exhibit to his brief that detailed the dates of his various detentions. However, we cannot consider this exhibit or the other exhibits attached to M. A. I.'s brief. *See* Court of Appeals Rule 24 (g) ("Documents attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court, shall not be considered on appeal.").

any institution or facility for treatment or examination of a physical or mental disability.[3]

Subsection (b) provides that this code section "applies to sentences for all crimes, whether classified as violations, misdemeanors, or felonies, and to all courts having criminal jurisdiction located within the boundaries of this state."[4] And in 2010, the General Assembly struck from subsection (b) language that excepted juvenile courts.[5] Thus, M. A. I. argues that this amendment resolved a conflict between OCGA § 17-10-11 and OCGA § 15-11-66.

As to the latter code section, OCGA § 15-11-66, it was also amended in 2010 in the same act that amended OCGA § 17-10-11. Although M. A. I.'s argument on appeal makes reference to OCGA § 15-11-66 as codified after the 2010 amendment, the amendment did not become effective until July 1, 2010—over three months after M. A. I. was placed on probation. And the amending act makes clear that "Sections 2 and 5 . . . shall apply to any child sentenced to probation on and after July 1, 2010;

_____

[3] OCGA § 17-10-11 (a).

[4] OCGA § 17-10-11 (b).

[5] *See* Ga. H.B. No. 1104, Reg. Sess., 2010 Ga. Laws, § 9 (amending prior OCGA § 17-10-11 (b)).

4

the former provisions of Code Section 15-11-66 shall continue to apply to any child sentenced to probation prior to July 1, 2010."[6] Accordingly, because M. A. I. was placed on probation in March 2010 (before July 1, 2010), the prior version of OCGA § 15-11-66 applies to M. A. I.[7] And at that time, OCGA § 15-11-66 (b) (1) provided that if a child was adjudicated for the commission of a delinquent act, the court could,

> in its discretion in those cases involving: . . . a violation of probation involving another adjudicated delinquent act and upon the court making a finding of fact that the child has failed to respond to the graduated alternative sanctions set forth in paragraph (2) of this subsection . . . order the child to serve up to a maximum of 30 days in a youth development center, or after assessment and with the court's approval, in a treatment program provided by the Department of Juvenile Justice or the juvenile court. *A child ordered to a youth development center under this paragraph and detained in a secured facility pending placement in the youth development center shall be given credit for time served in the secured facility awaiting placement.*[8]

---

[6] Ga. H.B. No. 1104, Reg. Sess., 2010 Ga. Laws, § 10. Section 2 added OCGA § 15-11-40.1, a new code section for graduated sanctions, which was previously incorporated into OCGA § 15-11-66. *Id.* § 2. Section 5 amended OCGA § 15-11-66. *Id.* § 5.

[7] We make no decision on the merits of M. A. I.'s arguments as to the code section as currently codified.

[8] *See* Ga. H.B. No. 1104, Reg. Sess., 2010 Ga. Laws, § 5 (emphasis supplied) (amending prior OCGA § 15-11-66 (b) (1)) (codified as amended at OCGA § 15-11-

Applying this language to the orders at issue, as to the June 2011 order, the plain language of the statute makes clear that M. A. I. was *not* entitled to credit for any time served in detention *prior* to adjudication of delinquency for the probation violation.[9] We are unpersuaded that the General Assembly's 2010 amendment to OCGA § 17-10-11 requires a different result because the plain language of that statute applies to criminal sentences,[10] and an order of disposition from a juvenile court is "not a conviction of a crime."[11] Indeed, a juvenile court "*disposes* of the case after determining whether treatment, rehabilitation, or supervision is needed; it *does not sentence* the child."[12] Accordingly, the juvenile court did not err.

66 (b) (2) (A), (B)); *see also* Ga. H.B. No. 1104 Reg. Sess., 2010 Ga. Laws, § 2 (amending prior OCGA § 15-11-66 (b) (2), which provided for graduated alternative sanctions for juveniles on probation).

[9] *See In the Interest of J. R.*, 280 Ga. App. 143, 144 & n.2 (1) (633 SE2d 447) (2006).

[10] *See* OCGA § 17-10-11 (b) ("This Code section applies to *sentences for all crimes*, whether classified as violations, misdemeanors, or felonies . . . ." (emphasis supplied)).

[11] OCGA § 15-11-72; *see also A. B. W. v. State*, 231 Ga. 699, 701 (II) (203 SE2d 512) (1974) ("A Juvenile Court convicts a child for being delinquent, and such an adjudication is not a conviction of a crime or crimes.").

[12] *In the Interest of M. D.*, 233 Ga. App. 261, 263 (2) (b) (503 SE2d 888) (1998) (punctuation omitted) (construing prior versions of OCGA §§ 15-11-65 and 15-11-66).

As to the August 2011 order, pursuant to OCGA § 15-11-65 and following an August 2, 2011 adjudication for a probation violation, the juvenile court ordered that M. A. I. be detained until disposition, pending the receipt of a written psychological evaluation.[13] The juvenile court issued a continuance order on August 31, 2011, noting that an evaluation had been scheduled for August 23, 2011, and that a dispositional hearing would be set as soon as possible after receipt of the written evaluation. After receiving the written evaluation, the juvenile court held a dispositional hearing the next day, after which it did *not* order further detention in the disposition.

Under OCGA § 15-11-65, a juvenile court may continue dispositional hearings "for a reasonable period to receive reports and other evidence bearing on the disposition or the child's need for treatment or rehabilitation."[14] And when it does so, the court "shall make an appropriate order for detention of the child or for the child's

---

[13] *See* OCGA § 15-11-65 (c); *see also* OCGA § 15-11-12 (b) ("During the pendency of any proceeding, the court may order the child to be examined at a suitable place by a physician or psychologist . . . .").

[14] OCGA § 15-11-65 (c).

7

release from detention subject to supervision of the court during the period of the continuance."[15] Additionally, § 15-11-65 provides that if a juvenile is to be held in custody at a detention facility between the adjudicatory hearing and the dispositional hearing, the court "shall conduct the dispositional hearing within 30 days of the adjudicatory hearing *unless* the court makes and files written findings of fact explaining the need for the delay."[16]

Reading OCGA § 15-11-65 and the above-quoted language of OCGA § 15-11-66 *in pari materia*,[17] the plain language of the statutes did not require the juvenile court to give credit for pre-disposition detention because the credit-for-time-served provision of OCGA § 15-11-66 applies to post-disposition detention.[18] Following the

[15] *Id.*

[16] OCGA § 15-11-65 (a) (emphasis supplied).

[17] *See Spectra, Inc. v. Wilson*, 317 Ga. App. 64, 67-68 (1) (730 SE2d 699) (2012) ("[A] statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes in pari materia, are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto." (punctuation omitted)).

[18] *See* OCGA § 15-11-66 (b) (1) (2010) ("A child *ordered to a youth development center under this paragraph* and detained in a secured facility pending placement in the youth development center shall be given credit for time served in the secured facility awaiting placement." (emphasis supplied)); *see also In the Interest of J. R.*, 280 Ga. App. at 144 (1) ("[T]he law provides that [the juvenile] will be given

8

dispositional hearing at issue, M. A. I. was not ordered to further detention. Additionally, the plain language of OCGA § 15-11-65 clearly contemplates situations in which a child might be detained for more than 30 days between adjudication and disposition.[19] Accordingly, the trial court did not err in this respect either.[20]

2. Next, M. A. I. argues that the juvenile court failed to "make treatment and rehabilitative efforts . . . in violation of the purpose of juvenile courts." Again, we disagree.

_____

credit for any time spent in detention following his adjudication but prior to his being admitted into the boot camp program.").

[19] *See* OCGA § 15-11-65 (a) ("If the child is to be held in custody at a detention facility between the adjudicatory hearing and the dispositional hearing, the court shall conduct the dispositional hearing within 30 days of the adjudicatory hearing unless the court makes and files written findings of fact explaining the need for the delay.").

[20] *Compare* OCGA § 15-11-63 (e) (1) (B) ("When the order is for restrictive custody in the case of a child found to have committed a designated felony act . . . [t]he order shall provide that . . . [t]he child shall initially be confined in a youth development center for a period set by the order, to be not less than 12 nor more than 60 months; provided, however, that time spent in secure detention prior to placement in a youth development center shall be counted toward the period set by the order . . . ."); *In the Interest of L. R.*, 316 Ga. App. 374, 375 (729 SE2d 520) (2012) (construing the plain language of OCGA § 15-11-63 (e) (1) (B) as mandating "that a juvenile's pre-disposition detainment must be credited to the time set for confinement").

M. A. I. argues that at each subsequent proceeding for violating the terms of his probation, counsel argued for referrals to mental-health treatment because "access to care would help in [his] treatment and rehabilitation."[21] And M. A. I. readily admits that "[e]ach time, a referral for counseling was part of the dispositional order." Nevertheless, and despite the complete lack of supporting evidence in the record as it exists before us, M. A. I. argues that these referrals incurred delays in scheduling due to discontinuation of Medicaid benefits during M. A. I.'s periods of detention. M. A. I. also attaches to his brief a psychological evaluation that was conducted prior to the evaluation ordered and accepted by the juvenile court in August 2011,[22] and he takes issue with the trial court's decision to continue proceedings until receipt of an evaluation conducted by the Department of Behavioral Health, contending that "[t]here was no rehabilitative purpose in ordering a second evaluation after a qualified psychologist, approved by the Department of Juvenile Justice, had already administered one." Finally, M. A. I. criticizes the juvenile court's decision to extend

---

[21] We note that the only transcript before this court comes from the March 6, 2012 hearing on the motion to extend probation, and as such, we cannot verify this contention.

[22] *See supra* Division 1. As explained above, we cannot consider exhibits attached to briefs. *See supra* note 2.

probation for an additional two years, arguing that the court failed to consider his difficult home life in making its decisions.

Essentially, M. A. I. asks this Court to second guess every decision made by the juvenile court. But OCGA § 15-11-66 (a) provides a list of "orders of disposition best suited to the child's treatment, rehabilitation, and welfare," which a juvenile court may make "if the child is found to have committed a delinquent act and is subsequently determined to be in need of treatment or rehabilitation."[23] The choice of which disposition is best suited for these purposes is vested in the discretion of the juvenile court,[24] and OCGA § 15-11-70 (a) permits a juvenile court to extend the duration of an order of disposition by an additional two years so long as, *inter alia*, the court "finds that the extension is necessary for the treatment or rehabilitation of

---

[23] OCGA § 15-11-66 (a).

[24] *See In the Interest of A. H. S.*, 223 Ga. App. 824, 826 (2) (479 SE2d 157) (1996) (construing prior version of OCGA § 15-11-66 and holding that "after a dispositional hearing, a juvenile court finding a child in need of treatment or rehabilitation can make any dispositional orders provided under [the code section]"); *see also In the Interest of A. D. F.*, 176 Ga. App. 5, 7 (335 SE2d 144) (1985) (Beasley, J., dissenting) (construing prior version of OCGA § 15-11-66 and positing that it gives "[w]ide discretion in fashioning an appropriate disposition 'best suited to [the child's] treatment, rehabilitation, and welfare'").

11

the child."[25] Because we discern no abuse of discretion in the disposition made by the juvenile court in the case *sub judice*, this enumeration of error is without merit.

3. Finally, M. A. I. argues that the combination of the evening reporting program's schedule and his periods of detention for probation violations made it impossible to comply with the juvenile court's order to complete 120 days of the reporting program without extending the duration of probation.[26] Once again, we disagree.

M. A. I. ignores the fact that the evening reporting program was an original condition of probation that he repeatedly violated, and the trial court increased the reporting requirement as a graduated sanction in response to M. A. I.'s violations of probation. The fact that this requirement could not be completed within the original duration of the March 2010 order is directly attributable to M. A. I.'s failure to comply with the terms of probation, which were ordered due to the trial court's finding that he was "in need of treatment and rehabilitation." The special conditions

---

[25] OCGA § 15-11-70 (a) (3).

[26] *See* OCGA 15-11-70 (a) ("[A]n order of disposition committing a delinquent or unruly child to the Department of Juvenile Justice continues in force for two years or until the child is sooner discharged by the Department of Juvenile Justice. The court which made the order may extend its duration for an additional two years subject to like discharge . . . .").

of probation for the March 2010 order describe the evening reporting program as "[a] highly supervised and structured after school program that responds to the specific identified academic and social needs of the juvenile participant and their legal parents/guardians/custodians." And the juvenile court was permitted to extend the duration of M. A. I.'s probation upon finding that it was necessary for the completion of this program and, thus, his treatment and rehabilitation.[27]

For all of the foregoing reasons, the juvenile court's judgment is affirmed.

*Judgment affirmed. Ellington, C. J., and Phipps, P. J., concur.*

---

[27] *See id.*; *see also In re T. B.*, 268 Ga. 149, 150 (486 SE2d 177) (1997) (construing former version of statute and holding that an order of extension operates to further the accomplishment of a juvenile's treatment and rehabilitation and is not punishment); *In the Interest of J. R.*, 280 Ga. App. at 144 (noting that juvenile court could extend duration of juvenile's commitment after complying with OCGA § 15-11-70 (a)).