**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 10, 2016**

# In the Court of Appeals of Georgia

A15A2345. IN THE INTEREST OF D. D., a child.

MILLER, Presiding Judge.

A juvenile court adjudicated D. D. delinquent for acts which, if committed by an adult, would have constituted involuntary manslaughter (OCGA § 16-5-3 (a)) and battery (OCGA § 16-5-23.1 (a)). D. D. appeals, contending that the juvenile court erred in (1) expressly denying him credit for time served pending adjudication and disposition; (2) ordering additional conditions of supervision to D. D.'s commitment order; and (3) ordering restitution without holding a hearing. We agree, and note that the State concedes all of these alleged errors. Accordingly, we vacate D. D.'s commitment order and remand this case.

Where the facts are undisputed, we review the juvenile court's application of law de novo. See *In the Interest of B. K.*, 326 Ga. App. 56 (755 SE2d 863) (2014).

So viewed, the evidence shows that, on the evening of July 18, 2014, then 16-year-old D. D. got into a heated argument with the victim outside of the victim's garage. During the argument, D. D. punched the victim several times in the face with a closed fist, causing the victim to fall to the ground. D. D. kept punching the victim after he fell. Shortly thereafter, D. D.'s grandmother, who lived nearby, arrived in her car and D. D. left with her. When EMS arrived, the victim was still on the ground and was unresponsive. The victim then went into cardiac arrest and stopped breathing. Although EMS and doctors at the hospital attempted to resuscitate the victim, they were unsuccessful and the victim died at the hospital.[1]

D. D. was subsequently detained and placed at the Rockdale Youth Detention Center pending his delinquency adjudication. Following a hearing, the juvenile court entered an order adjudicating D. D. as a delinquent for having committed the acts of involuntary manslaughter and simple battery. Thereafter, the juvenile court ordered that D. D. be committed to the custody of the Georgia Department of Juvenile Justice (GDJJ) for two years and ordered that he serve 30 days in a secure detention facility "with no credit for time already served." The juvenile court also placed additional

---

[1] An autopsy showed that the victim had an enlarged heart and blood clots in his lungs, as well as other health conditions.

2

conditions on D. D.'s supervision, including provisions that prohibited D. D. and his family from having any contact with the victim's widow and son; required him to remain on house arrest within his residence; and conditioned his release into the community on payment of restitution to the Georgia Crime Victim's Compensation Program.

1. D. D. contends that the juvenile court erred in expressly denying him credit for the time he served in detention prior to his delinquency adjudication. We agree.

> A child adjudicated to have committed a delinquent act *shall* be given credit for each day spent in a secure residential facility, a nonsecure residential facility, or any institution or facility for the treatment or examination of a physical or mental disability awaiting adjudication, pending disposition and in connection with and resulting from a court order entered in the proceedings for which the disposition was imposed and in any institution or facility for treatment or examination of a physical or mental disability. Such credit shall be applied toward the child's disposition.

(Emphasis supplied.) OCGA § 15-11-604 (a); see also OCGA § 15-11-601 (11) (c) (requiring juvenile court to give child credit for time served in a secure residential

3

facility).[2] Moreover, the credit for time served applies to the disposition of all offenses, including felonies. OCGA § 15-11-604 (b).

Here, the record shows that D. D. was detained for a total of 90 days in restrictive detention while awaiting adjudication and that he spent an additional nine days in detention after his adjudication, but before disposition of his case. Given the foregoing statutory language, we agree that the juvenile court erred in expressly refusing to give D. D. credit for the time he spent in restrictive detention. See *In the Interest of L. R.*, 316 Ga. App. 374, 375-376 (729 SE2d 520) (2012) (juvenile court violated former OCGA § 15-11-63 (e) (1) (b) – now OCGA § 15-11-602 – in expressly providing that delinquent child would receive no credit for pre-disposition detention). Accordingly, we must vacate D. D.'s commitment order and remand this case for resentencing. See id. at 376. Upon remand, the juvenile court is directed to give D. D. credit for the 99 days he spent in restrictive detention prior to the disposition of his case. See OCGA §§ 15-11-604 (a), 15-11-601 (11) (e) and 15-11-604 (b).

---

[2] Prior to the 2010 amendment to former OCGA § 15-11-66 (now OCGA § 15-11-604), juveniles were not entitled to credit for time served prior to adjudication of delinquency. See *In the Interest of J. R.*, 2810 Ga. App. 143, 144 (1) (633 SE2d 447) (2006).

2. D. D. contends that the juvenile court erred in placing mandatory conditions on D. D.'s supervision when it ordered that D. D. be committed to the custody and control of the GDJJ. Again, we agree.

> When a juvenile is committed to the custody and control of the GDJJ,
>
> custody and control of the juvenile is thereby and thereafter exclusively in the [GDJJ], which is charged with responsibility to diagnose each juvenile and to determine, implement, and periodically revise as needed an individualized plan of care and treatment for each one.

(Punctuation and footnote omitted.) *In the Interest of P. S.*, 295 Ga. App. 724, 726 (673 SE2d 74) (2009). Moreover, once a delinquent child is committed to the custody and control of the GDJJ, the juvenile court has no power to make further provisions dictating the disposition of the child. See *In the Interest of R. D.*, 141 Ga. App. 843 (234 SE2d 680) (1977) (interpreting former Code Ann. Title 24A; Ga. L. 1971, p. 709 et seq.); see also *In the Interest of B. D. T.*, 219 Ga. App. 804, 805 (466 SE2d 680) (1996) (juvenile court cannot commit a child to custody, and provide conditions which control or limit the custodial authority's discretion in dealing with the child).

Here, the juvenile court ordered that D. D. be committed to the custody of the GDJJ for two years. Having done so, the juvenile court lacked the power to place additional conditions on D. D.'s supervision by the GDJJ. See *In the Interest of R. D.*,

5

supra, at 843; *In the Interest of B. D.T.*, supra, at 805. Upon remand, if the juvenile court wants to ensure that D. D. meets certain conditions upon his release from restrictive custody, the juvenile court can place D. D. in an institution, camp, or other facility operated under the direction of the court or other local authority, rather than committing D. D. to the custody and control of the GDJJ. See *In the Interest of R. D.*, supra, at 844.

3. D. D. contends that the restitution provision in his commitment order is unenforceable because the juvenile court failed to hold a restitution hearing. We agree.

Pursuant to OCGA § 15-11-601 (7), a juvenile court may order a delinquent child to make restitution. In doing so, however, the juvenile court must follow the procedures set forth in OCGA §§ 17-14-1 through 17-14-19. These procedures include the requirement of holding a hearing to determine restitution. See OCGA § 17-14-7 (b). At that hearing, the State has the burden of proving the amount of the victim's loss. See id. The defendant, on the other hand, has the burden of demonstrating his present financial resources, obligations and needs. See *Tobias v. State*, 319 Ga. App. 320, 329-330 (5) (735 SE2d 113) (2012). Here, the State concedes that no restitution hearing was held and there was no evidence adduced at

the adjudication and disposition hearings with regard to the amount of the victim's loss or D. D.'s ability to pay restitution. Consequently, we must remand this case for a restitution hearing in accordance with the procedures set forth in OCGA §§ 17-14-1 through 17-14-19.

*Judgment vacated and case remanded. Andrews, P. J., and Branch, J., concur.*