**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 7, 2014**

# In the Court of Appeals of Georgia

A13A2098. IN THE INTEREST OF B. K., a child.

BRANCH, Judge.

We granted the State's application for a discretionary appeal to consider whether a juvenile court's order removing B. K., a child, from the custody of the Georgia Department of Human Services, but requiring the Department to continue to make random checks of the child at the home of the new custodian, was in violation of former OCGA § 15-11-55 (c) and (d).[1] Because the juvenile court did not have authority to order the Department to make such visits after the child was removed from its custody, we reverse and remand for further proceedings.

---

[1] See Ga. L. 2013, p. 294, § 5-1, which notes that the new Juvenile Code "shall become effective on January 1, 2014, and shall apply to all . . . juvenile proceedings commenced on or after such date."

We review a juvenile court's application of law to undisputed facts de novo. See *In the Interest of N. C.*, 293 Ga. App. 374, 375 n. 4 (667 SE2d 181) (2008). The record shows that B. K. was born on November 11, 2007, in the physical and legal custody of his biological father. In a shelter care order filed on July 27, 2012, the Hart County juvenile court noted the arrest of the father and his girlfriend (not the child's mother) for possession of methamphetamines, which were found in the home, awarded temporary physical custody of the child to the Department, and approved placement in foster care. At the 72-hour hearing on July 30, 2012, the child's paternal grandfather proposed that he get custody of the child, and the juvenile court ordered a home study. On August 6, 2012, the Department filed a deprivation petition and moved for the appointment of a guardian ad litem. The petition alleged that the child came into the Department's custody after the father and his girlfriend were arrested on charges of methamphetamine possession and incarcerated in Hart County. The child's mother's whereabouts were not known to the Department. On August 17, 2012, the juvenile court found probable cause to conclude that the child was deprived and again confirmed the award of temporary custody to the Department.

On August 20, 2012, the child's paternal grandfather moved to intervene in the proceedings for the purpose of gaining custody of the child. After a hearing on August

2

23, 2012, the juvenile court found that (1) the father had consented to the change in custody; (2) continued custody with the father "would be contrary to the welfare of the child"; (3) the paternal grandfather's home was "suitable and safe" for the child; and (4) custody with the paternal grandfather would be "more stable" than continued custody with the Department, which had "fail[ed] to maintain family contact for the benefit of the child." The juvenile court then awarded physical and legal custody of the child to the paternal grandfather, but noted as it did so that the Department "shall make random visits to the [grandfather's] home for well checks" on the child "as well as [for the purpose of] determining compliance with visitation provisions." Finally, the juvenile court dismissed the Department's deprivation petition on the ground that the grant of custody to the paternal grandfather mooted any deprivation proceedings.

On appeal, the Department argues that the juvenile court ordered the Department to exceed its authority when it simultaneously removed B. K. from the Department's custody and ordered it to continue to make visits to the child's new home. We agree.

The Department is the state agency charged with investigating complaints of the "deprivation, abuse, or abandonment of children," former OCGA § 49-5-8 (a) (2) (B), and with providing "[s]ervices to courts, upon their request, . . . for casework

3

services and care [of] all children and youths *whose legal custody is vested in the department by the court*." (Emphasis supplied.) Former OCGA § 49-5-8 (a) (3) (A). More specifically, former OCGA § 15-11-55 (c), which was effective at the time the juvenile court entered issued its order, provides that

> [n]otwithstanding any other provision of law, the court after transferring temporary legal custody of a child to the Division of Family and Children Services within the Department of Human Services may at any time conduct sua sponte a judicial review of the current placement plan being provided to said child. After its review the court may order the division to comply with the current placement plan, order the division to devise a new placement plan within available division resources, or make any other order relative to placement or custody outside the Department of Human Services as the court finds to be in the best interest of the child. *Placement or a change of legal custody by the court outside the Department of Human Services shall relieve the department of further responsibility for the child so placed.*

(Emphasis supplied.) Former OCGA § 15-11-55 (d) likewise notes that "[p]lacement or a change of legal custody by the court outside the Department of Human Services

4

*shall relieve the department of further responsibility for the child so placed.*"[2]

(Emphasis supplied.)

> The Supreme Court of Georgia has held that former OCGA § 15-11-55 (c)
>
> sets forth the clear and unambiguous legislative intent that, although a trial court may determine that it is in the best interests of a child to initially place that child outside the custody of DFACS or to change custody from DFACS to another party after DFACS had already been given custody, *either of these acts will eradicate DFACS' responsibility for a child not in its custody.*

(Emphasis supplied.) *In the Interest of A. N.*, 281 Ga. 58, 61 (636 SE2d 496) (2006).

In light of the Legislature's clearly expressed legislative intent to relieve the Department of responsibility for a child no longer in its custody, the juvenile court erred when it ordered the Department to continue to make random visits to a child that the court's same judgment removed from the Department's custody. Former OCGA

---

[2] For the analogous provisions in the new Juvenile Code, see OCGA §§ 15-11-212 (d) ("Placement or a change of custody by the court outside DFCS shall relieve DFCS of further responsibility for [a] child [adjudicated as dependent] except for any provision of services ordered by the court to ensure the continuation of reunification services to such child's family when appropriate."); 15-11-215 (f) ("Placement or a change of legal custody by the court outside DFCS shall relieve DFCS of further responsibility for a child adjudicated as a dependent child except for any provision of services ordered by the court to ensure the continuation of reunification services to such child's family when appropriate.").

§ 15-11-55 (c) and (d); *In the Interest of A. N.*, 281 Ga. at 61; *In the Interest of J. N. T.*, 212 Ga. App. at 500. We therefore reverse the juvenile court's judgment and remand for entry of a final order under the former statute consistent with this opinion.

*Judgment reversed and case remanded with direction. Phipps, C. J., and Ellington, P. J., concur.*