**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 4, 2019**

# In the Court of Appeals of Georgia

A19A0240. IN THE INTEREST OF A. M. et al., children.

MERCIER, Judge.

The Georgia Department of Human Services (the "Department") appeals the juvenile court's custody order in this dependency action claiming that the court exceeded its statutory authority and that the order is "impermissibly vague and lacks finality." For the following reasons, we vacate the order and remand the case with direction.

"We review a juvenile court's application of law to undisputed facts de novo." *In the Interest of B. K.*, 326 Ga. App. 56 (755 SE2d 863) (2014) (citation omitted). In September 2016, the Department, through the Newton County Department of Family and Children Services, filed dependency complaints regarding A. M., then 15 years of

age, and S. M., then 15 years of age.[1] The complaints allege that A. M. was hospitalized due to abuse from her stepfather, which included being punched, kicked and hit with a belt, resulting in perforated bowels and requiring surgical treatment. According to the complaints, A. M.'s mother failed to report the injuries to law enforcement and lied to A. M.'s medical providers about the cause of A. M.'s injuries. The mother later admitted that the stepfather had abused the children in the past and had threatened to abuse her. S. M. has cerebral palsy and A. M. wears a hearing aid and has speech delays.

The juvenile court issued a dependency removal order regarding the children. Following a preliminary protective hearing, the court granted temporary custody of the children to the Department with the mother's consent, ordered that the stepfather have no contact with the children, and directed that the mother have only supervised visitation with the children.

Following an adjudication hearing, the juvenile court declared that the children were dependent. The children remained in the Department's custody until March 29, 2018, when the juvenile court entered an order returning custody of the children to the

---

[1] Another sibling, Sh. M. was also part of the dependency proceedings, but he has since turned 18 and is not part of this appeal.

mother. In the reunification order, the juvenile court stated that the Department "shall make all transfers and establish any and all therapeutic services necessary such as family therapy and support for the mother. The Department shall do whatever it is that helps the mother and crafts and fashions with the mother what is needed for the children." The juvenile court also ordered that the Department would be "financially responsible for the maintenance and anything necessary regarding the braces of the children and related dental issues . . . until those services are concluded successfully for both children." The juvenile court further ordered that if, after 30 days "the Department has not completed [its] tasks as assigned [under the reunification order], [The Department] will continue to provide after care services until such time as it is successfully completed to the satisfaction of [the mother's counsel.]" In the event that the Department does not give "the mother all she wants, needs or desires for the children, the mother is directed to get with her attorney[.]"

1. Pursuant to OCGA § 15-11-212 (d), the court may conduct a judicial review of the custody and placement arrangements of any child previously adjudicated as dependent, and may order a change in custody, if the court finds such change to be in the best interest of the child. "Placement or a change of custody by the court outside [the Department] shall relieve [the Department] of further responsibility for

3

such child except for any provision of services ordered by the court to ensure the continuation of reunification services to such child's family when appropriate." OCGA § 15-11-212 (d).

The Department argues that the Juvenile Court exceeded its statutory authority in the reunification order. The order imposed specific duties upon the Department to ensure the continuation of reunification services, such as a requirement to provide the mother with the children's medical and education records. These duties imposed by the juvenile court serve the dual goals of reunification and relieving the Department of further responsibility, pursuant to OCGA § 15-11-212 (d). However, the requirements that the Department pay for the children's orthodontist treatment until completion, that it must do "whatever it is that helps the mother and crafts and fashions with the mother what is needed for the children," and that it give the mother "all she wants, needs or desires for the children," appear unrelated to the statutory purpose of "continuation of reunification services." OCGA § 15-11-212 (d). As the order contains provisions that exceed the purpose of OCGA § 15-11-212 (d), we vacate the order for reconsideration in accordance with the statute. See generally *In the Interest of A. S.*, 185 Ga. App. 11, 13 (2) (363 SE2d 325) (1987) (the trial court's order that a parent attend psychological counseling with a particular psychologist located 50 miles away

4

from the parent's home was found unreasonable and stricken from the order.); *In the Interest of B. K.*, 326 Ga. App. 56, 57-59 (755 SE2d 863) (2014) (the trial court's order requiring the Department to make well checks on the child's custodial guardian even though the child was no longer placed with the Department was reversed as the order exceeded statutory authority.).

2. In light of the fact that the juvenile court's judgment has been vacated and the matter has been remanded with direction, the remaining enumerated error is moot.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Brown, J., concur.*

5