**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 7, 2022**

# In the Court of Appeals of Georgia

A22A1565. IN THE INTEREST OF S. B., a child.

PHIPPS, Senior Appellate Judge.

The mother of minor child S. B. appeals the juvenile court's order relieving the Department of Family and Children Services ("DFCS"), pursuant to OCGA § 15-11-216 (d), of its obligation to provide her with reunification services. Because that statute did not authorize the juvenile court's ruling, we vacate the order and remand for further proceedings. We also vacate a prior disposition order for insufficient conclusions of law.

The record shows that S. B. was born in June 2020. S. B.'s mother was then 17 years old and was, herself, in the custody of DFCS.[1] S. B. lived with her mother in the mother's foster placement until December 2020, when DFCS removed S. B. due to

---

[1] The whereabouts of S. B.'s putative father were unknown.

her mother's disruptive behavior, failure to supervise S. B., lack of appropriate parenting skills, and history of mental health issues. The juvenile court subsequently entered an order finding that removal of S. B. from the mother's custody was in the child's best interests.

In January 2021, DFCS filed a petition to declare S. B. to be a dependent child, and, with the mother's consent, the juvenile court entered a preliminary order continuing S. B.'s custody with DFCS pending a disposition hearing. In March 2021, DFCS filed a case plan for S. B. recommending a permanency plan with concurrent goals of reunification and adoption following termination of parental rights. Thereafter, the juvenile court entered a consent order finding S. B. to be dependent as to the mother.[2]

In April 2021, the mother turned 18 and exited foster care. Following a June 2021 hearing, the juvenile court entered a judicial review order ("the June Order") finding that the mother had not fully met the case plan goals, that S. B. remained dependent, that S. B. was thriving in foster care, and that continuation in that placement was in her best interests. In August 2021, the juvenile court conducted

---

[2] The juvenile court entered a separate order finding S. B. to be dependent as to the putative father. He is not a party to this appeal.

another review hearing, after which it entered an order ("the August Order") again finding that S. B. should remain in DFCS's custody while the mother continued to work toward reunification. The court scheduled another hearing for December 2021.

The mother's attorney was present at the December hearing, but the mother was not. The DFCS supervisor assigned to S. B.'s case testified that the mother had failed to take advantage of multiple reunification services arranged by DFCS, and DFCS accordingly requested permission to discontinue offering those services. DFCS's attorney insisted that DFCS was not seeking to change the case plan, but only wanted to be relieved of the obligation to provide the mother with reunification services. The mother's attorney objected to this request on the grounds of improper notice and lack of opportunity for her client to respond. The mother's attorney argued that DFCS was required to file an "updated case plan" and provide actual notice if it sought to change the permanency plan from reunification to nonreunification based on the mother's lack of progress toward her case plan goals.

Following the hearing, the juvenile court entered another order ("the December Order") finding that the mother had failed to make sufficient progress on her case plan goals despite DFCS providing "legally required services to the child and the

3

mother." The court noted that DFCS intended "to take steps to move forward on the concurrent plan, that being adoption following the termination of parental rights." Accordingly, the court ordered that, pursuant to OCGA § 15-11-216 (d), DFCS was "relieved of the obligation to provide reunification services to the mother."

The mother appeals,[3] asserting that (1) the juvenile court could not authorize the discontinuation of reunification services in the December Order under OCGA § 15-11-216 (d), but, rather, was obligated to comply with the requirements for nonreunification hearings under OCGA § 15-11-204; (2) the juvenile court's decision that DFCS could halt reunification services was not supported by clear and convincing evidence; (3) the June, August, and December Orders are facially void because the juvenile court failed to make proper findings of fact and conclusions of law; and (4) the juvenile court deprived the mother of due process by allowing the discontinuation of reunification services in the December Order without proper notice. We agree with the mother's first argument and conclude that the December Order must be vacated because OCGA § 15-11-216 (d) did not authorize the court to

---

[3] "An order within a deprivation proceeding deciding temporary custody of the child is a 'final order,' within the meaning of OCGA § 5-6-34 (a) (1), from which a direct appeal lies." *In the Interest of A. T.*, 309 Ga. App. 822, 824, n. 3 (711 SE2d 382) (2011) (citation and punctuation omitted).

4

allow DFCS to discontinue reunification services. In light of this decision, we do not reach the mother's second and fourth arguments, which challenge the December Order on alternative bases. Finally, with respect to the mother's third argument, we conclude that the June Order was legally sufficient, but the August Order must be vacated because it contained insufficiently supported conclusions of law. We do not consider the sufficiency of the December Order's factual findings and legal conclusions.

1. The mother argues that OCGA § 15-11-216 (d) did not authorize the juvenile court to permit the discontinuation of reunification services and that, instead, the court was required to hold a nonreunification hearing under OCGA § 15-11-204. DFCS agrees and asks us to vacate the December Order and remand the case. "We review a juvenile court's application of law to undisputed facts de novo." *In the Interest of A. M.*, 350 Ga. App. 333, 333 (829 SE2d 422) (2019) (citation and punctuation omitted).

We begin with the relevant provisions of the Juvenile Code. After adjudicating a child to be dependent, the juvenile court must hold a disposition hearing regarding placement of the child, implementation of a case plan, and other matters. OCGA §§ 15-11-181 (g); 15-11-210; 15-11-212 (a). Within 75 days after a child adjudicated to

5

be dependent has been removed from his or her home, the court must conduct an initial review hearing to determine, among other things, whether the existing case plan remains the best plan for the child, whether the plan needs to be changed, and the extent of compliance with the case plan by all participants. OCGA § 15-11-216 (a), (c) (2) & (c) (3). Another review must occur within four months, followed by "subsequent review hearings as necessary." OCGA § 15-11-216 (a). With respect to case plan compliance,

> [i]f at any review subsequent to the initial 75 day review the court finds that there is a lack of substantial progress towards completion of the case plan, the court shall order DFCS to develop a case plan for nonreunification or a concurrent case plan contemplating nonreunification.

OCGA § 15-11-216 (d).

In addition to the review hearings, the juvenile court also must hold a permanency plan hearing, no more than nine months after a child under the age of seven has entered foster care, "to determine the future permanent legal status of [the] child[.]" OCGA § 15-11-230 (a) & (b) (2). Further permanency plan hearings are required at least every six months "until the court determines that [the] child's permanency plan and goal have been achieved." OCGA § 15-11-230 (c).

6

The Code also requires DFCS to submit certain pre-hearing reports. Within 30 days after a child is removed from his or her home

> *and at each subsequent review of the disposition order*, DFCS shall submit a written report to the court which shall either:
>
> > (1) Include a case plan for a reunification of the family; or
> >
> > (2) Include a statement of the factual basis for determining that a plan for reunification is not appropriate.

OCGA § 15-11-200 (a) (emphasis supplied). If the juvenile court adopts a report that contains a case plan for reunification services, "it shall be in effect until modification by the court." OCGA § 15-11-200 (c). If the DFCS report does not contain a plan for reunification services, it must explain why. OCGA § 15-11-200 (e). Further, the court "shall hold a nonreunification hearing to review the report and the determination that a plan for reunification services is not appropriate." OCGA § 15-11-204 (a). This hearing must be held within 30 days from the time the DFCS nonreunification report is filed, and notice of the hearing must be provided, "by summons," to the child's parents, among others. OCGA § 15-11-204 (b). At the hearing, DFCS bears the burden of demonstrating by clear and convincing evidence that a reunification plan is not appropriate. OCGA § 15-11-204 (d).

In this case, DFCS filed a case plan in March 2021 with concurrent goals of reunification and adoption following termination of parental rights. The plan stated that, to meet the reunification goal, the mother should complete parenting instruction, individual therapy, and a psychiatric evaluation, among other actions. The 75 day initial review hearing took place in June 2021, after which the juvenile court entered the June Order implicitly approving the case plan and finding that DFCS had provided the mother with the necessary reunification services to help her meet the case plan goals. The court next held a combined four-month review and permanency plan hearing, after which it entered the August Order finding that the case plan remained "the status quo" and that DFCS would continue to provide reunification services to the mother. At the conclusion of the August Order, the court scheduled a "Post-Permanency Review Hearing" for December 2021.

Nothing in the record indicates that DFCS submitted a report before the December hearing, as required by OCGA § 15-11-200 (a), or that it sought to revise the case plan from one with concurrent goals to one seeking only adoption following termination of the mother's parental rights. Indeed, the December hearing was scheduled as a "Post-Permanency Review Hearing," not a nonreunification hearing, and it does not appear from the record that the mother was given notice by summons,

8

as required by OCGA § 15-11-204 (b), that the hearing would, in fact, be a nonreunification hearing. Nevertheless, DFCS requested permission at the hearing to discontinue reunification services and announced its intention to pursue termination instead. Following that hearing, the juvenile court granted DFCS's request, citing OCGA § 15-11-216 (d) as authority for its ruling.

As noted, OCGA § 15-11-216 (d) provides that if, as here, the court finds a lack of substantial case plan progress at a post-75 day review hearing, the court "shall order DFCS to develop a case plan for nonreunification or a concurrent case plan contemplating nonreunification." The statute does not authorize the court to relieve DFCS of its obligation to provide reunification services required by the governing case plan. Accordingly, we vacate the December Order and remand the case for further proceedings consistent with the statutory framework outlined above.

2. The mother also argues that the June, August, and December Orders are void because the juvenile court neglected to include proper findings of fact and conclusions of law. In light of our decision in Division 1 that the December Order must be vacated, we do not address the adequacy of its findings and conclusions. Further, we find no basis for vacating the June Order, but we agree with the mother

9

that the August Order failed to adequately explain the juvenile court's legal conclusions.[4]

The mother argues that both the June and August Orders are facially deficient because the juvenile court merely recited the evidence presented at the respective hearings, without indicating what evidence it found to be credible or what evidence supported its legal conclusions. It is well established that an order in a dependency case must include specific factual findings and separate conclusions of law. See OCGA § 15-11-111 (b) (2); *In the Interest of T. Y.*, 350 Ga. App. 553, 561 (829 SE2d 808) (2019) ("the facts must be found specially; and the conclusions of law must be stated separately, regardless of whether the order otherwise is sufficient for purposes of review") (citation and punctuation omitted). Further, the juvenile court must "state not only the end result of [its] inquiry but the process by which it was reached." *In the Interest of D. M.*, 339 Ga. App. 46, 55 (2) (a) (793 SE2d 422) (2016) (citation and punctuation omitted).

---

[4] As the mother points out, because she has a right of direct appeal from the December Order, she may also challenge "all judgments, rulings, or orders rendered in the case . . . which may affect the proceedings below[.]" OCGA § 5-6-34 (d). This statute "applies to earlier, unappealed orders issued in the dependency proceeding." *In the Interest of S. W.*, 363 Ga. App. 666, 669 (1) (872 SE2d 316) (2022).

10

(a) *June Order*. Contrary to the mother's assertion, the June Order does not merely recite the evidence presented at the disposition hearing. Although the court identified the various sources of the information in the fact section (by, for example, indicating who provided relevant testimony), the court also made declarative statements that must be construed as factual findings, not just summaries of the evidence. Compare *In the Interest of B. G.*, 345 Ga. App. 167, 168 (1) (812 SE2d 552) (2018) (fact section that was simply "a recitation of what happened at the hearing . . . cannot be construed as the juvenile court's findings of fact"). Read fairly as a whole, the fact section in the June Order constitutes a determination by the court of the relevant events that transpired in the case. And while the June Order does not include an independent heading for the legal conclusions, those conclusions are set forth in discrete paragraphs after the factual findings, and there is a nexus between the factual findings and the legal conclusions. For example, the court concluded that returning S. B. to the mother's home would be contrary to S. B.'s welfare and against her best interests "because the mother is not able to and/or unwilling to provide the proper care and supervision for the minor child at this time due to the mother's unresolved mental health issues and lack of proper parenting skills." Thus, we reject

the mother's argument that the June Order's factual findings and legal conclusions are facially inadequate.

(b) *August Order*. The mother contends that the August Order suffers from the same deficiencies as the June Order. While the August Order contains detailed factual findings, it merely recites legal conclusions with no explanation of which facts support those conclusions. "[C]ompletely absent from the juvenile court's order is any discussion of facts of the case within the context of the applicable statutes, the standard of review, or governing case authority." *In the Interest of T. Y.*, 350 Ga. App. at 561. See also *In the Interest of D. W.*, 340 Ga. App. 508, 514 (3) (798 SE2d 49) (2017) (physical precedent only) (vacating order that "failed to point to specific facts that supported the conclusion"). For example, the court proclaims, without elaboration: "Returning to the home would be contrary to the welfare of the child and the continued removal of the child from the home is in the child's best interest." We conclude that this statement and the other legal conclusions in the August Order that "simply outline[] the court's ruling, with no rationale provided" are insufficient. *In the Interest of J. G.*, 350 Ga. App. 588, 592 (1) (829 SE2d 828) (2019) (footnote

omitted). Accordingly, the August Order must be vacated and remanded "for a properly supported order." See *In the Interest of D. W.*, 340 Ga. App. at 514 (3).[5]

For these reasons, we vacate the juvenile court's August and December Orders and remand for further proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. Doyle, P. J., and Reese, J., concur.*

---

[5] In light of this conclusion, we do not reach the mother's argument that the August Order also is deficient because it refers to a DFCS report that is not in the record.